## 50712. RHODES et al. v. THE STATE.

PANNELL, Presiding Judge.

Appellants, Jessie Edward Rhodes and Hoyt Edward Franklin, were indicted, tried and convicted of the offense of theft by taking. They appeal the conviction and the denial of motion for new trial.

The evidence disclosed that on the evening of June 24, 1974, appellants went onto a farm located in Barrow County. While on the farm, appellant Franklin shot a bull calf worth $250 and cut the two hind quarters from the calf. Appellants then buried the remaining carcass and carried the two hind quarters away with them.

Appellant Franklin denied any intent to shoot the bull. He testified that the arrow ricocheted and wounded the bull. Because of the bull's pain, he had to kill him. He further testified that they buried the carcass because they were "afraid," after having killed it. He said they had to

cut off the hind quarters so that it would fit into the hole that they had dug.

A statement made by appellant Rhodes was introduced into evidence and affirmed by Rhodes during the trial. In this statement Rhodes said that Franklin intended to shoot the calf with the bow and arrow and then "dressed the calf." Rhodes admitted taking the two hind quarters and burying the rest of the calf. *Held:*

1. Defendant enumerates as error the trial judge's failure to charge the jury on the issue of what point in time, with relation to the slaughter of the bull, the intent to steal was formed. The trial judge charged the jury according to Code § 26-1802 (a). Appellants cite several cases which found reversible error in the failure of the court to instruct the jury that if the intention to steal was not formed until after the killing of the cow, defendants would not be guilty of the offense of cattle stealing, and could not be convicted under the indictment. *Hunter v. State,* 13 Ga. App. 651 (79 SE 752); *Nightengale v. State,* 94 Ga. 395 (21 SE 221). These cases dealt with the offense of "cattle stealing," under the Code of 1933, § 26-2607. Cattle stealing was distinguished from the offense of larceny in that the former required that the animal must still be alive when the intent to steal was formed. Whereas larceny defined the offense of taking an animal which was already dead. See *Paulk v. State,* 5 Ga. App. 567, 572 (63 SE 659).

These offenses were repealed in 1968 by the theft statutes. Ga. L. 1968, p. 1249. "Theft by Taking" was the key section in the theft statutes. It was purposefully made broad to do away with the technicalities which characterized the former Georgia Law. See Committee Notes on Chapter 26-18, Theft, Ga. Code Ann., Book 10, p. 138. The above distinction between charges of "cattle theft" and "larceny" are not applicable to a charge of "theft by taking." It is irrelevant whether appellants formed the intent to steal the bull before or after the killing. Accordingly, there was no error in the court's failure to charge on the point in time that the intent to steal was formed.

2. Appellants allege error in the court's failure to instruct or charge the jury that the confession of Rhodes

was only admissible against himself. "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself." Code § 38-414. This rule should be given to the jury where a confession or incriminating statement is admitted against one co-defendant in the trial of joint defendants. *Johnson v. State,* 46 Ga. App. 494 (167 SE 900). However, failure to so instruct the jury in this case was harmless error.

The appellant Rhodes took the stand and testified as follows: "Q. Do you remember signing this statement that you gave Mr. Stone? A. Yes, sir. Q. And that's true? A. Yes, sir." Appellant Rhodes adopted as his testimony the statement which is the subject of this enumeration of error. Testimony of a co-defendant, having been sworn in as a witness, is to be received and weighed as other evidence in the trial. *Staten v. State,* 140 Ga. 110 (78 SE 766). The same evidence included in the admission, asserted as being inadmissible against Franklin, was introduced as evidence through the testimony of a competent witness, Rhodes. Accordingly, failure to instruct on admissibility of Rhodes' admission as to appellant Franklin was harmless error.

3. The trial court did not err in imposing sentence under Ga. L. 1974, p. 352 (Code Ann. § 27-2301), even though the alleged criminal act took place before the effective date of the said Act. "Unlike the situation existing prior to the adoption of the Act of 1938 dealt with in *Winston v. State,* 186 Ga. 573 (198 SE 667, 118 ALR 719) prior to the 1974 Act the defendant was not absolutely entitled to a sentence imposed by a jury. Since 1971 any time the jury is unable to reach a sentence determination within a reasonable time, the trial judge has been authorized to take the case from the jury and impose the sentence himself." *Cofer v. Hopper,* 233 Ga. 155, 157 (210 SE2d 678).

4. This case was originally appealed to the Supreme Court of Georgia, which transferred the case to this court with the following opinion: "The sole reason for which jurisdiction of this criminal appeal is said to lie in this court is the allegation that the Georgia theft by taking statute, Ga. L. 1968, pp. 1249, 1290 (Code Ann. § 26-1802)

is void for vagueness and therefore, prosecution thereunder violates prisoner's constitutional rights to due process and equal protection. This contention was carefully considered and rejected in *Stull v. State,* 230 Ga. 99 (196 SE2d 7), and, no other fact appearing to invoke our jurisdiction, this case is transferred to the ·Court of Appeals." *Rhodes v. State,* 233 Ga. 899 (213 SE2d 870).

5. The verdict of the jury was neither contrary to the law, contrary to the evidence, nor contrary to the weight of the evidence.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED MAY 28, 1975 — DECIDED JULY 16, 1975.

*James W. Paris, Richard J. Burkett,* for appellants.
*Nat Hancock, District Attorney,* for appellee.

