A92A1359. WIMBERLY v. THE STATE.
(423 SE2d 728)

SOGNIER, Chief Judge.

Denny Wimberly was convicted of violating OCGA § 16-13-30 (b) by selling marijuana and he appeals.

1. Appellant first enumerates the general grounds. At trial, undercover agent Mike Gasaway of the Middle Georgia Narcotics Unit testified that while he was at the American Legion post near Gray on the night of October 17, 1990, Wesley Bridgers told him that appellant had some marijuana to sell. Gasaway observed Bridgers approach appellant, who was behind the bar, and talk briefly. When Bridgers returned and reported that appellant did have some marijuana to sell for $45 a quarter ounce, Gasaway indicated his agreement. Gasaway testified that he watched Bridgers again approach appellant behind

the bar and obtain a set of keys from appellant. Bridgers and Gasaway proceeded outside to a beige car, and Bridgers opened the passenger door with the keys he had obtained from appellant, removed a tissue box from the glove compartment, and displayed three rolls of what was later identified by the State's forensic chemist as marijuana. Gasaway testified he selected the largest roll and paid Bridgers. Gasaway and Bridgers then returned to the bar together, and Gasaway observed Bridgers give appellant both the keys and the money.

Appearing as a witness for the State, Bridgers testified that he had pled guilty to a charge of selling marijuana to Gasaway arising out of the same incident. He also testified that the marijuana belonged to appellant and that he gave appellant all the money he received from Gasaway for the marijuana. Appellant testified that he was a car salesman; that he and Bridgers, whom he had known for many years, had driven to the American Legion together on the evening in question in appellant's demonstrator automobile; and that he had never sold marijuana and had no knowledge of the drugs in the glove compartment.

Although the evidence conflicted regarding some facts, such conflicts were for the jury to resolve, and they apparently did so in favor of the State's witnesses. See *Harris v. State*, 198 Ga. App. 503, 506 (11) (402 SE2d 62) (1991). This court is restricted to determining the legal sufficiency of the evidence to support the conviction, not its weight. *Cook v. State*, 198 Ga. App. 886 (1) (403 SE2d 872) (1991). We cannot agree with appellant that no evidence existed linking him to the drug sale. The jury was charged regarding parties to a crime, OCGA § 16-2-20, and we find the evidence adduced at trial more than sufficient to have authorized the jury to find appellant guilty of being a party to the sale of marijuana under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Compare *Oldwine v. State*, 184 Ga. App. 173-176 (1) (360 SE2d 915) (1987).

2. Appellant contends the trial court erred by failing to charge the jury on the general principle of law concerning the weight to be given the testimony of Bridgers. Appellant did not request such a charge, and it is unclear what charge appellant contends should have been given. Although the out-of-court confession of a co-defendant or co-conspirator made after the enterprise is ended is admissible in evidence only against him, OCGA § 24-3-52, if such co-defendant appears as a witness at trial, he may testify against his co-defendant or co-conspirator and such testimony is to be treated as all other evidence. *Rhodes v. State*, 135 Ga. App. 484, 486 (2) (218 SE2d 159) (1975). Thus, if appellant is arguing that the trial court should have charged the jury on OCGA § 24-3-52, that Code section is inapplicable because Bridgers testified at trial. Moreover, since such testimony

"is to be received and weighed as other evidence in the trial, [cit.]," *Rhodes*, supra, no special principle applies to that testimony other than the general instructions with regard to all evidence. Accordingly, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 15, 1992.

*Nancy A. Atkinson*, for appellant.

*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.