## A93A0502. BROOKS v. THE STATE.
### (432 SE2d 612)

ANDREWS, Judge.

Kraftin Brooks and co-defendant Douglas Smith were each charged with one count of murder and one count of possession of a firearm during the commission of a felony and the case was tried to a jury. Smith was found guilty on both counts. Brooks was found not guilty on the murder count, but was convicted of possession of a firearm during the commission of a felony, and he appeals.

The evidence at trial was that on April 27, 1991, the 17-year-old victim, Charles Davidson, was outside the Apollo Lounge with his brother and some friends. An altercation occurred and Davidson was shot and killed.

Various witnesses testified at trial. Although most of the witnesses recalled that Smith had actually fired the fatal shot, one witness thought that Brooks shot Davidson. Several witnesses observed Brooks holding the gun; there was testimony that Brooks was holding the gun first and then handed it to Smith. There was testimony that Smith stated in Brooks' presence on the evening of the incident that "we shot somebody." Two witnesses testified that the last person they saw holding the gun was Brooks. One witness testified that when the fatal shot was fired, Brooks and Smith were standing about an inch apart.

In his sole enumeration of error, Brooks claims that the trial court erred in denying his motion for a directed verdict of acquittal. Brooks argues that a prerequisite to conviction under OCGA § 16-11-106 (b) is conviction of the underlying felony and that since he was

found not guilty of murder, his conviction for possession of the firearm was improper.

OCGA § 16-11-106 (b) provides: "[a]ny person who shall have on or within arm's reach of his person a firearm . . . during the commission of, or the attempt to commit: (1) Any crime against or involving the person of another . . . and which crime is a felony, commits a felony. . . ." The jury was instructed regarding this offense[1] and was also charged twice regarding the principle of being a party to a crime.

Pretermitting the question of whether OCGA § 16-11-106 requires that a person be convicted of the underlying felony before a conviction for an offense under this statute is authorized, we find this enumeration without merit. Brooks' conviction for possession of a firearm during the commission of a felony was valid under the theory that he was a party to the crime.

"Any person concerned in the commission of a crime is a party to it and may be convicted as a principal. OCGA § 16-2-20 (a). An aider or abettor is such a person, as is one who encourages another to commit the crime. OCGA § 16-2-20 (b) (3) and (4). The evidence was sufficient to establish that appellant was concerned in either or both of these ways in the commission of the crime of his co-defendant's actual possession of the firearm during commission of the [murder]. Thus the jury was authorized to find appellant guilty as a principal." (Citation omitted.) *Wilcox v. State,* 177 Ga. App. 596 (340 SE2d 243) (1986); see also *Perkins v. State,* 194 Ga. App. 189 (1) (390 SE2d 273) (1990).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 8, 1993.

*Richard W. Mobley,* for appellant.
*Douglas C. Pullen, District Attorney, J. Mark Shelnutt, Assistant District Attorney,* for appellee.

---

[1] Although the jury was instructed according to the pre-1987 version of the statute which did not include the "within arm's reach" language of the present statute, no argument regarding the charge is raised here.