## A94A1279. LAWSON v. THE STATE.
(448 SE2d 14)

BLACKBURN, Judge.

Following a trial by jury, the appellant, Larry Eugene Lawson, was convicted of three counts of possession of a firearm during the commission of a crime, two counts of armed robbery, and one count each of kidnapping and burglary. Lawson was acquitted of theft by taking a motor vehicle and possession of a firearm during the commission of this theft. His motion for new trial was subsequently denied by the trial court and this appeal followed. On appeal, Lawson challenges the sufficiency of the evidence to support his convictions and the trial court's failure to charge the jury as specifically requested.

The evidence viewed in the light most favorable to the jury's verdict shows that at approximately 6:30 on the evening of May 31, 1992, the two victims, Malachi Cannon and Steven Carter, were on a street adjacent to Cannon's home washing Cannon's automobile when they were approached by three men, one of whom was armed with a sawed-off shotgun. Lawson, who was identified at trial and in a prior photographic array as the individual wielding the shotgun, demanded that the men provide him with money and jewelry and subsequently directed the men into Cannon's garage. Thereafter, the men again demanded the victims' money and jewelry. Cannon gave the men two rings and a watch while Carter placed four dollar bills and eighteen cents on the floor. One of the assailants proceeded inside the house in search of the requested items and Lawson threatened to kill the victims if any money or jewelry was found inside the residence. As Lawson pointed the shotgun at Carter's head, he threatened to kill Carter and further stated that he knew Carter's mother and that he would kill her also. Following the unsuccessful search of the home, one of the assailants hit the victims on the head with a clipboard. The men later fled after they instructed the victims to lie down on the floor.

Cannon, determined to locate the perpetrators, searched several neighborhoods for the assailants. He later saw Lawson walking down the street wearing his stolen watch after he and Carter had seen Lawson previously in this neighborhood. Cannon informed Detective Mitchell with the Savannah Police Department of Lawson's whereabouts and Cannon and a friend accompanied the detective to the location where Cannon later identified Lawson as his assailant. Lawson was subsequently detained by Detective Mitchell, informed that he was a suspect in a robbery and had been identified by one of the victims, and was taken to the police precinct for questioning. Lawson provided the detective with a fictitious name and he was wearing Cannon's watch which he tried to conceal from the police. Lawson and his mother contacted the victims, apologizing for Lawson's actions, and offering to repay them for the jewelry and money that had

been taken.

Lawson and several witnesses testified at trial in support of his defense. His mother and Edith Smith, the mother of two of Lawson's friends, both testified that Cannon had expressed some uncertainty as to whether Lawson was one of the perpetrators. During his testimony, Lawson denied committing the offenses and denied informing Cannon that he had committed the offenses. He further averred that he had purchased the watch from someone on the street and had been at the home of Ms. Smith's mother at the time of the robbery. Lawson initially testified on direct examination that this was the first time he had been arrested, but on cross-examination he admitted that he had been previously arrested for burglary and disorderly conduct. Lawson does not challenge the trial court's admission of his prior offenses.

1. Lawson's contention that the evidence is insufficient to support his conviction is without merit because a rational trier of fact could have found him guilty of the offenses for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ellis v. State*, 211 Ga. App. 605 (2) (440 SE2d 235) (1994); *Autry v. State*, 210 Ga. App. 150 (1) (435 SE2d 512) (1993); *Brooks v. State*, 208 Ga. App. 869 (432 SE2d 612) (1993). "While [Lawson] presented an alibi defense and questioned whether the [victims'] identification testimony was reliable, it is the task of the jury to weigh the evidence, determine credibility, and resolve conflicts in the testimony. This Court does not reweigh the evidence, but only determines whether it is legally sufficient." *Seats v. State*, 210 Ga. App. 74, 75 (435 SE2d 286) (1993).

2. Lawson further asserts that the trial court erred in failing to give his requested charges on the presumption of innocence and the sufficiency of the evidence to warrant a conviction. However, the charges given by the trial court on those issues substantially covered the same principles of law. As we stated in *Pierce v. State*, 209 Ga. App. 366, 368 (3) (433 SE2d 641) (1993), "[i]t is well settled that the trial court is not obligated to instruct the jury in the exact language requested and that, where the same principle of law is covered in another instruction, failure to give the requested charge is not error." (Citations and punctuation omitted.)

While Lawson also maintains that the trial court erred in failing to charge the jury "[t]hat mere presence of a weapon is insufficient to sustain a conviction of armed robbery," relying on *Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974), the evidence produced at trial did not authorize such a charge. In the case sub judice, unlike in *Hicks*, the shotgun was used as a concomitant to the taking of the victims' property. "Thus, the requested charge was not properly adjusted to the facts in this case[,] [and] [i]f any portion of the request is inapt, incorrect, or not authorized by the evidence, denial of the request is

proper." (Citations and punctuation omitted.) *Sparkman v. State*, 209 Ga. App. 763, 765 (2) (434 SE2d 564) (1993). Consequently, we find no error in the trial court's failure to instruct the jury as requested, and Lawson's convictions must be affirmed.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1994 —
RECONSIDERATION DENIED AUGUST 18, 1994 —

*C. Jackson Burch*, for appellant.
*Spencer Lawton, Jr., District Attorney, June E. Fogle, Assistant District Attorney*, for appellee.