A97A1286. CUMMINGS v. THE STATE.

(489 SE2d 370)

JOHNSON, Judge.

A jury found LaChant Pierre Cummings guilty of armed robbery and possession of a firearm during the commission of a felony. See OCGA §§ 16-8-41 (a); 16-11-106 (b). He appeals from the judgment

entered on the conviction, contending the evidence was sufficient to show only that he was present at the scene of the crime, not that he participated in committing it. We affirm.

On appeal, we view the evidence in the light most favorable to the verdict, and the presumption of innocence no longer applies. We may not weigh the evidence or speculate which evidence the factfinder chose to believe or disbelieve. *Redding v. State*, 217 Ga. App. 529 (458 SE2d 168) (1995). Viewed in this light, the evidence shows the victim, Matthew Jones, was approached by three men in the parking lot of the restaurant where he worked. They asked if they could come inside to use the telephone. Jones told them they could not because the restaurant was already closed, and they turned and started to walk away. Because it was raining, however, Jones called out that he could go inside and make a call for them. Upon hearing this, the three men turned and approached Jones again. When they reached Jones, one of the men stood in front of Jones and to his left; another stood in front of Jones and to his right; and the third man stood behind Jones and to his right, so close he was touching Jones. Jones sensed something was wrong and turned to confront the man behind him. When he did, one of the other two said, "Look here." Jones turned to face forward again and saw that the speaker was pointing a pistol, which Jones recognized as a .25 caliber automatic, at Jones' head. The same man told Jones to empty his pockets, and the other man in front of Jones looked through the items Jones produced. During the incident Jones was able to see the faces of all three men clearly and to note what all three were wearing.

After taking Jones' cash and a check made out to him, the three men ran away in the direction of a nearby apartment complex. Jones immediately went inside and called the police.

A police officer on patrol in the area heard the report of Jones' robbery over his radio. He drove into the apartment complex and soon saw three men matching the broadcast description of the robbers. As he drove toward the men, they began to run away. The officer radioed for backup, got out of his car, and gave chase on foot, catching one of the men and arresting him. About 45 minutes later, the officers found Cummings and another man lying on the ground in a wooded area and took them into custody. One of Cummings' co-defendants had the check made out to Jones in his pocket, and the police found a .25 caliber automatic pistol in the area through which the three men had fled.

Jones was brought to the complex and identified Cummings and the other two men as the people who had robbed him. Jones also identified Cummings at trial as one of the robbers.

Cummings argues the evidence at most establishes his mere presence at the scene of the crime, not his participation. In support of

this argument, Cummings points to the absence of evidence to show he was one of the men who stood in front of Jones during the robbery and contends the evidence at most shows he was the man who stood behind Jones. He also claims the fact that the three started to walk away before Jones called them back shows there was no premeditated plan to rob him.

One who intentionally aids or abets in the commission of a crime is a party to it. OCGA § 16-2-20 (b) (3). It is true mere presence at the scene of a crime, even coupled with knowledge and approval, is insufficient to convict one of being a party. See *Slaton v. State*, 224 Ga. App. 422, 425 (3) (d) (480 SE2d 872) (1997). However, "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citation and punctuation omitted.) *Grace v. State*, 210 Ga. App. 718, 719 (1) (437 SE2d 485) (1993). See also OCGA § 16-2-6: "A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." In this case, the jury was authorized to infer from Cummings' physical position during the robbery, his flight with the robbers immediately afterward, and his attempt later to hide from police that he was a participant and not merely a bystander. See *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). Cummings' conviction as a party was authorized as to both the armed robbery charge and the charge of possession of a firearm during the commission of a felony, even though he did not personally possess the firearm. See *Victrum v. State*, 203 Ga. App. 377, 379-380 (3) (416 SE2d 740) (1992). Cummings' factual arguments go to the weight of the evidence, not its sufficiency, and were for the trier of fact to accept or reject.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 24, 1997.

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.