## A97A2306. DASHER v. THE STATE.
### (494 SE2d 192)

JOHNSON, Judge.

A jury found Danny Leon Dasher guilty on five counts of sale of cocaine. He appeals from the judgment of conviction entered on the jury's verdict.

1. Five separate sales occurred over an eight-day period. An agent of the Georgia Bureau of Investigation testified as follows: On February 9, 1995, a confidential informant told the agent that Dasher had contacted him concerning crack cocaine. The agent met with the informant and, after searching him and his car and determining that he had no crack cocaine, gave him $700 and a microcassette recorder. The agent watched the informant enter Dasher's residence, where he stayed for a few minutes. When the informant returned, he gave the agent seven chunks of an off-white substance in a plastic bag, later determined to be crack cocaine. A tape recording of the transaction was admitted into evidence and played to the jury.

On February 14, 1995, the informant again notified the agent that Dasher had some cocaine for sale. The agent went to the informant's house. Dasher, accompanied by Calvin Boatright, arrived later. Dasher and the informant walked inside the house and a

moment later called the agent to join them. Dasher had a plastic bag containing cocaine, which they proceeded to weigh on a set of scales. The cocaine weighed close to one ounce. The agent gave the informant $1,200, who gave it to Dasher. The agent told Dasher that he wanted to buy two ounces by the weekend, and Dasher assured him that would not be a problem. Boatright remained outside during that transaction.

The next day, February 15, 1995, the agent and informant went to Dasher's house. Dasher told them to go to the informant's house and that, in a minute, he would bring two ounces of crack cocaine. Shortly thereafter, Boatright drove up to the informant's house with cocaine wrapped in a paper towel, for which the agent paid him $2,400.

On February 16, 1995, the agent and informant met with Dasher to complain that they had been shorted on the weight of the cocaine purchased the day before. Dasher produced another "cookie," or large piece of cocaine, and the agent agreed to pay him $700 for it, but said he did not have the money with him. The agent explained at trial that if he had not confronted Dasher about receiving less than an ounce, Dasher would have realized that they were police. Later that evening they went back to Dasher's house and gave him the $700. While they were talking, Dasher gave the agent another "cookie" for which he expected to be paid later. On February 17, the agent paid Dasher $1,700 for the additional cocaine received the day before.

Dasher contends the evidence was insufficient to support the conviction on the counts alleging sales on February 9 and 15. "On appeal, we do not weigh the evidence, nor do we assess the quality of the evidence or the credibility of witnesses[;] we look only to determine whether the evidence is sufficient to sustain the verdict, construed in the light most favorable to the jury's verdict and giving that verdict every presumption and every inference towards upholding its validity." (Citations and punctuation omitted.) *Cantrell v. State*, 210 Ga. App. 218, 219 (1) (435 SE2d 737) (1993).

(a) With regard to the sale on February 9, Dasher argues that the agent did not actually witness this transaction, and that the tape recording of the transaction was only circumstantial evidence. Even if we accept Dasher's characterization of the evidence of this transaction as wholly circumstantial, it was amply sufficient for a rational trier of fact to find, to the exclusion of every reasonable hypothesis, that Dasher had sold the informant the cocaine. OCGA § 16-2-20. "What is a reasonable hypothesis is generally a question for the jury, and we have no yardstick to determine what is a 'reasonable' hypothesis save the opinion of the jurors." (Citations omitted.) *Jenkins v. State*, 201 Ga. App. 395, 396 (1) (411 SE2d 122) (1991).

(b) Without citing any authority, Dasher argues that the evi-

dence of the sale on February 15, 1995, is insufficient because Boatright delivered the drugs and there was no evidence presented that Dasher received any of the money from the sale. Dasher negotiated the terms of the sale and told the agent and informant to go to the informant's house where he would meet them with the drugs. The fact that Boatright actually made the delivery does not exculpate Dasher on this count. "A person is concerned in the commission of a crime only if he . . . [i]ntentionally . . . procures another to commit the crime." OCGA § 16-2-20 (b) (4). Additionally, there was evidence that Dasher was willing to assume responsibility for the fact that less than the amount agreed upon had been delivered. The jury was given a charge defining parties to a crime. Because there was evidence linking Dasher to the drug sale on February 15, the jury was authorized to find him guilty of being a party to that sale even though he did not physically transact it. See *Wimberly v. State*, 205 Ga. App. 818, 819 (1) (423 SE2d 728) (1992).

The evidence was sufficient for a rational trier of fact to find Dasher guilty beyond a reasonable doubt as to these two counts of sale of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dasher argues that the admission of a statement he made to police was error because he was in custody and had not received his *Miranda* rights. Two law enforcement officers went to Dasher's house and told him they wanted to question him in connection with a stolen motorcycle. He agreed to go with the officers, and was taken to an office in a building adjacent to the police department to be interviewed. The office was not in the jail or in a facility in which a person could be secured. While being questioned, the agent involved in the drug sales entered the room, Dasher recognized him and stated: "You got me." Dasher was not placed under arrest and was later driven back home by the officers. He was not arrested until 18 days later.

Prior to trial, the court conducted a *Jackson-Denno* hearing. In admitting the statement, the trial court concluded that Dasher was not in custody at the time the voluntary comment was made. "In deciding the admissibility of a statement during a Jackson-Denno hearing, the trial court must consider the totality of the circumstances and must determine the admissibility of the statement under the preponderance of the evidence standard. Unless the factual and credibility findings of the trial court are clearly erroneous, the trial court's decision on admissibility will be upheld on appeal." (Citations and punctuation omitted.) *State v. Walker*, 204 Ga. App. 1, 2 (418 SE2d 384) (1992). The officer testified that Dasher agreed to be interviewed and was not under arrest. He was not threatened or given any reason to believe that he was not free to go at any time and was driven home at the conclusion of the interview. Because there was no

evidence that Dasher had been deprived of his freedom in any significant way, the trial court's decision to admit the statement was not clearly erroneous and will not be disturbed. See *State v. Brannan*, 222 Ga. App. 372, 375 (2) (c) (474 SE2d 267) (1996).

3. The trial judge charged the jury, in part, as follows: "It is for you alone to determine the testimony you will believe and the testimony you will not believe. That is your function as a juror. You ladies and gentlemen will determine the law and the facts. You are the sole fact-finder. The Court, that is, I, will give you the principles of law that you will apply to those facts in arriving at your final verdict in this case." Dasher asserts that the trial court erroneously charged the jury that its function was to determine the law and the facts.

The Georgia Constitution states: "[T]he jury shall be the judges of the law and the facts." Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). A previous edition of the Pattern Jury Instructions included a charge: "You will determine both the law and the facts." This instruction was replaced by a more accurate and complete instruction in January 1996, which the trial court in this case also gave to the jury. The better practice would be to limit the instruction to the new pattern charge.

This Court examines the entire charge of the court and not a single excerpt to determine whether the court erred in giving a charge. The charge of the court is to be construed as a whole, and when one part of it plainly tempers and modifies another, so that the ultimate sense and impression are correct, we will not find error. *Salisbury v. State*, 223 Ga. 414, 415 (3) (156 SE2d 48) (1967). The trial judge instructed the jury that it was the factfinder and that those facts were to be applied to principles of law that he would give to them. Thus, the court's charge that "You ladies and gentlemen will determine the law and the facts," was not erroneous and, when considered in the context of the entire charge, does not give rise to reversible error.

4. Without reference to authority, Dasher asserts that "the use of an undercover agent to purchase illegal drugs is not authorized by the Official Code of Georgia, Annotated." Therefore, he reasons the evidence against him was illegally obtained, and counsel was ineffective for failing to file a motion to suppress. The issue of ineffective assistance of trial counsel on this ground was raised by amendment to Dasher's motion for new trial and was decided adversely to him.

"A trial court's finding that a defendant has been afforded effective assistance of counsel at trial will be upheld unless it is clearly erroneous. [Cit.]" *Polk v. State*, 225 Ga. App. 257, 260 (1) (d) (483 SE2d 687) (1997). The trial court's determination that Dasher was not denied effective assistance at trial based on counsel's failure to file a motion to suppress, which certainly would have been denied,

was not clearly erroneous and will not be disturbed.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 9, 1997 —
RECONSIDERATION DISMISSED OCTOBER 28, 1997.

*Stephen E. Tillman*, for appellant.
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.