A98A0285. STOKES et al. v. THE STATE.
(501 SE2d 599)

McMURRAY, Presiding Judge.

Defendants Stokes and Hawkins were jointly tried before a jury, along with co-defendant Fryer, and convicted of burglary. The evidence adduced at trial, viewed in a light most favorable to the jury's verdict, reveals the following:

At about 10:30 in the morning on November 17, 1993, the victim returned home after a 20-minute shopping trip and discovered defendants Stokes and Hawkins sitting in an unfamiliar vehicle, parked in his driveway. The victim blocked defendants' car with his truck, approached defendants and asked them, "who are y'all looking for?" Defendants replied, "we're just sitting here; we're looking for Hawthorne. . . ."

After noticing that his house's front door was "open," as he "had just left [his] house, and the door was locked," the victim returned to his truck, retrieved a hunting rifle and threatened to shoot defendants if they fled. Meanwhile, co-defendant Fryer exited the victim's house, joined defendants in the parked car and "said, man, let's get

out of here." The victim, equipped with a cellular telephone, warned the suspects not to flee, that he was calling the police and that "if any one of you run, I'm going to shoot you." Co-defendant Fryer did not heed this warning. He exited the parked car and fled, abandoning defendants Stokes and Hawkins at the scene.

The victim did not stop co-defendant Fryer. He, instead, held defendants Stokes and Hawkins at gunpoint, warned them not to flee and advised them that he was going to summon the police. In response, defendants said that "they hadn't did [sic] anything wrong." But as soon as the victim began dialing his cellular phone for police assistance, defendants fled. The victim later entered his house and discovered that it had been forcibly entered and ransacked. Defendant Stokes, defendant Hawkins and co-defendant Fryer were arrested the next morning at defendant Hawkins' residence.

Defendants Stokes and Hawkins filed this joint appeal after the denial of their joint motion for new trial. *Held*:

1. Defendants first challenge the sufficiency of the evidence, arguing that proof of their presence near the crime scene is insufficient to authorize the jury's findings that they were parties to the crime charged.

"One who intentionally aids or abets in the commission of a crime is a party to it. OCGA § 16-2-20 (b) (3). It is true mere presence at the scene of a crime, even coupled with knowledge and approval, is insufficient to convict one of being a party. See *Slaton v. State*, 224 Ga. App. 422, 425 (3) (d) (480 SE2d 872) (1997). However, 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' (Citation and punctuation omitted.) *Grace v. State*, 210 Ga. App. 718, 719 (1) (437 SE2d 485) (1993). See also OCGA § 16-2-6: 'A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' " *Cummings v. State*, 227 Ga. App. 564, 566 (489 SE2d 370). In the case sub judice, the victim testified that, during his 20-minute shopping trip on the morning of the burglary, someone struck his house's front door with such force as to shatter the door frame and render the "deadbolt" lock useless. This testimony, proof that defendants witnessed this forceful entry from their perspective in the victim's driveway, testimony that co-defendant Fryer joined defendants after the burglary and "said, man, let's get out of here[,]" and evidence that defendants fled as soon as the victim informed them that he was calling for police assistance, sanctions the jury's findings that defendants Stokes and Hawkins are guilty, beyond a reasonable doubt, of being parties to the burglary of the victim's home. *Jackson v. Virginia*, 443 U. S. 307 (99

SC 2781, 61 LE2d 560).

2. Defendants next contend the trial court erred in failing to declare a mistrial after the State's attorney commented during his opening statement that "over thirty stolen electronic items" were found at the residence where defendants were arrested. Defendants argue that, because the trial court excluded evidence supporting this remark, the State's attorney's comment impermissibly tainted their character by implying that they were involved in other criminal activity.

The trial court instructed the jury that evidence is the only means by which any fact may be established and that evidence "does not include . . . opening statements and closing arguments of the attorneys." We must presume the jury followed these instructions and did not penalize defendants for the State's attorney's unsupported comment that "over thirty stolen electronic items" were found at the residence where defendants were arrested. See *Harris v. State*, 202 Ga. App. 618, 619 (3) (a), 620 (414 SE2d 919). Defendants, nonetheless, argue that they are entitled to a new trial because the jury's foreman testified at the motion for new trial hearing that the jury considered the State's attorney's unsupported remark regarding stolen goods at the residence where defendants were arrested. This argument is without merit.

"Jurors are not permitted to impeach their own verdict. OCGA § 17-9-41. The rule is deeply rooted in Georgia law and promotes important public policy considerations. But the rule does yield to a defendant's constitutional guarantees. *Watkins v. State*, 237 Ga. 678, 683-685 (229 SE2d 465) (1976). Whether or not exception should be made must be determined by the circumstances of the case." *Oliver v. State*, 265 Ga. 653, 654 (3) (461 SE2d 222). While the jury foreman testified in the case sub judice that the jury considered the State's attorney's comment that "over thirty stolen electronic items" were found at the residence where defendants were arrested, the jury foreman did not say that the jury's verdict was influenced by this statement. Under such circumstances, we find no basis warranting an exception to the rule. See *Joachim v. State*, 263 Ga. 816, 817 (3) (440 SE2d 15).

The trial court did not err in denying defendants' joint motion for new trial.

3. Defendants contend the trial court erred in charging the jury that "all the participants in a plan are criminally responsible for the acts of each committed in the execution of the plan and which may be said to be a probable consequence of the unlawful design." Defendants argue that this instruction was not adjusted to the evidence. This argument is without merit.

The challenged jury instruction is an excerpt from the trial

court's explanation to the jury of the legal theory of being a party to a crime. OCGA § 16-2-20. The proof outlined in Division 1 of this opinion, indicating that defendants were concerned in the commission of the indicted offense, authorizes the challenged jury instruction. See *Crumpton v. State*, 213 Ga. App. 358, 361 (3) (444 SE2d 847).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 14, 1998.

*Sam B. Sibley, Jr.*, for appellants.

*Daniel J. Craig*, District Attorney, *Charles R. Sheppard*, Assistant District Attorney, for appellee.