A99A0328. ANDERSON v. THE STATE.
A99A0465. HOLLINS v. THE STATE.
(516 SE2d 315)

Judge Harold R. Banke.

With guns in hand, Tracy Hollins and Anthony Anderson encouraged a friend holding his own gun to shoot a victim, which he did. Hollins was convicted of possession of a firearm by a first offender probationer (OCGA § 16-11-131), and both he and Anderson were convicted of aggravated assault (OCGA § 16-5-21) and possession of a firearm during commission of certain crimes (OCGA § 16-11-106). In Case No. A99A0328, Anderson contends (i) the court erred in charging the jury they could infer criminal intent from his conduct before, during, and after commission of the assault, and (ii) no evidence showed he possessed a firearm. In Case No. A99A0465, Hollins claims that conflicts between his stature and the pre-trial physical descriptions of him given by the victim and an eyewitness precluded a finding of guilt beyond reasonable doubt.

*Case No. A99A0328*

1. Anderson claims the following jury charge was improper and incomplete: "Mere presence at the scene is not sufficient to convict one of being a party to the crime, but criminal intent may be inferred from conduct before, during and after the commission of the crime." Anderson urges that the instruction must be qualified with the statement that only that conduct raising an inference of guilt may be considered to infer criminal intent. This statement is unnecessary verbiage, for it is inherent within the instruction. Moreover, the jury charge viewed as a whole expressly included this concept. See *Dasher v. State*, 229 Ga. App. 41, 44 (3) (494 SE2d 192) (1997).

When Anderson's counsel raised this argument in a previous case, the Supreme Court soundly rejected it and concluded that "[t]he

instruction is a correct statement of the law. *Sands v. State*, 262 Ga. 367, 368 (2) (418 SE2d 55) (1992)." *Hayes v. State*, 268 Ga. 809, 814 (8) (493 SE2d 169) (1997); see also *Johnson v. State*, 269 Ga. 632, 634 (501 SE2d 815) (1998). Repeated raising of rejected arguments may lead to sanctions.

2. Anderson's claim that no evidence showed he possessed a firearm during the commission of the aggravated assault is baseless. Not only did an eyewitness see him brandish a gun during the crime, but his encouragement of the aggravated assault made him a party to not only that crime but also to his friend's possession of a gun during the assault. See OCGA § 16-2-20. "Where a party has possessed a firearm during the commission of a felony, an accomplice who is concerned in the commission of the crime under OCGA § 16-2-20 is likewise guilty of both offenses. [Cit.]" *Mitchell v. State*, 225 Ga. App. 26, 28 (1) (482 SE2d 419) (1997); see *Brooks v. State*, 208 Ga. App. 869, 870 (432 SE2d 612) (1993) (person who encourages murder by gun is also guilty of possession of a firearm during the commission of a felony).

## *Case No. A99A0465*

3. Hollins challenges the sufficiency of the evidence, arguing that the victim and eyewitness both gave pre-trial descriptions of him that differed substantially from his actual physique. The standard of review set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The victim and eyewitness were familiar with Hollins prior to the incident and identified him in the courtroom at trial. They testified unequivocally that Hollins was present at the crime and verbally encouraged his friend to shoot the victim. Hollins argues their identification conflicted with their pre-trial descriptions of him and precluded a finding of guilt beyond reasonable doubt.

The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.

(Citations omitted.) *Simpson v. State*, 193 Ga. App. 439, 440-441 (2) (388 SE2d 39) (1989). The evidence sustained the verdict.

*Judgments affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 12, 1999.

*Stanley C. House*, for appellant (case no. A99A0328).
*Charles L. Wilkinson III*, for appellant (case no. A99A0465).
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.