## A99A1107. MURRAY v. THE STATE.
### (522 SE2d 48)

RUFFIN, Judge.

Michael Murray was convicted of armed robbery and aggravated assault. He appeals, contesting the sufficiency of the evidence. Because the evidence was sufficient to support the verdicts, we affirm.

On appeal of a criminal conviction,

> the evidence must be construed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. An appellate court does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld.

(Citations omitted.) *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999). "The standard of review of a denial of a motion for a directed verdict is the same as that for the sufficiency of the evidence." *Smith v. State*, 237 Ga. App. 616, 617 (1) (516 SE2d 319) (1999).[1]

### Aggravated Assault of Anjula Charles

Anjula Charles, part owner of the Lotto Grocery Store, testified that on the evening of April 15, 1996, three individuals, subsequently identified as Murray, Levi Hodnett, and DeWayne Jackson, entered her store. Charles' son, who was working at the store that night, testified that Murray's face was partially hidden by his jacket. Murray and Hodnett got into an argument with Charles and her son after

---

[1] Many of the relevant facts in this case are set forth in *Jackson v. State*, 239 Ga. App. 77 (519 SE2d 746) (1999), in which we affirmed the conviction of Murray's co-defendant, DeWayne Jackson.

they refused to sell Murray cigarettes. Hodnett then pulled a gun, pointed it at Charles, and said, "Give us the money." Charles' son testified that Murray looked at Hodnett, and then turned back and said, "Now will you give me the cigarettes?" Charles screamed and told her son to push the alarm button. He did so, and the three men then ran out of the store together.

A videotape of the incident recorded by the store's security camera shows that Murray and Hodnett entered the store together about 25 seconds after Jackson. The videotape clearly shows Murray attempting to hide his face beneath the upturned collar of his jacket. Although the robbery itself is not shown on the videotape, the tape shows the three men running from the store together about four minutes after they arrived.

Murray argues that the evidence showed at most that he was present at the store while a crime was committed by Hodnett. We have previously held that

> mere presence at the scene of a crime, even coupled with knowledge and approval, is insufficient to convict one of being a party. However, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citations and punctuation omitted.) *Cummings v. State*, 227 Ga. App. 564, 566 (489 SE2d 370) (1997). Contrary to Murray's claim of mere presence, several facts suggest that he was actually a participant in the crime, including (1) his attempt to hide his face from the security camera while entering the store, (2) his statement, "Now will you give me the cigarettes?" after Hodnett pulled out the gun, and (3) his flight from the scene in the company of Hodnett. Under all of the circumstances, the jury was authorized to infer that Murray was an active participant in the crime, and not a mere bystander. See id.

### Armed Robbery of Rochelle Cox

At about 12:30 p.m. on April 15, 1996, two men entered the Colonial Bakery store where Rochelle Cox was working alone. One of the men started to purchase some cookies, but complained that the price was too high after Cox rang up the purchase. Cox rang the purchase up a second time and opened her cash register. The second individual then pulled a gun and demanded the money in Cox's cash register. Both men took money and food stamps from the register and then left the store.

Cox talked with the police after the incident, and described the

first individual as approximately 5′5″ to 5′7″ tall with a slight beard. A few hours later, Cox was shown a photographic lineup, and she identified a photograph of Murray as the individual without the gun. At trial, she testified that, at the time she made the identification, she was certain that the person in the photograph was in fact the individual who had robbed her. When asked if she saw that person in the courtroom, she said, "Yes. Now, I'm not for sure, like I said, been a whole year;[2] but, yes, I think I do." However, she then pointed not at Murray, but at his co-defendant, Jackson, who was not charged in connection with the Colonial Bakery robbery. Cox stated that "[t]he person that I think I'm seeing is the one sitting here on the right-hand side with the white shirt on."[3] When asked if she was certain that was the person she had identified in the photographic lineup, she said yes.

Neither party commented at the time on the fact that Cox had pointed to the wrong defendant, and Murray's attorney did not cross-examine Cox on this discrepancy. However, at the close of the State's evidence Murray moved for a directed verdict based on Cox's mis-identification. The trial court denied the motion. Murray now contends that he was entitled to a directed verdict based on Cox's testimony. This contention is without merit.

As discussed above, "[c]onflicts in the testimony of the witnesses, *including the State's witnesses*, are a matter of credibility for the jury to resolve." (Emphasis supplied.) *Ringo*, supra. A pre-trial identification of a defendant is sufficient to support a conviction, even if the witness fails to make an independent in-court identification of the defendant. See *Jackson v. State*, 239 Ga. App. 77 (519 SE2d 746) (1999); *Harper v. State*, 213 Ga. App. 444, 445-446 (1) (445 SE2d 303) (1994).

Although Cox apparently pointed to the wrong defendant at trial, the jury could have concluded that this was due to the length of time between the robbery and trial, particularly since Cox prefaced her in-court identification by stating that "I'm not for sure, like I said, been a whole year; but, yes, I think I do [see him]." Moreover, the evidence showed that Murray's appearance had changed in the 17 months between the robbery and the trial in that he wore glasses and no longer had an Afro hairstyle at the time of trial. Given the passage of time, Murray's changed appearance, and Cox's ambivalence about her in-court identification, the jury could have determined that Cox's positive identification of Murray immediately after the incident was not rendered less credible by the fact that she could

---

[2] In fact, the trial occurred 17 months after the robbery.
[3] Murray was apparently wearing a green shirt at the time.

not correctly identify Murray 17 months later at trial. These types of credibility determinations are particularly within the province of the jury, and our role is limited to determining the sufficiency of the evidence. *Jones v. State*, 232 Ga. App. 630 (502 SE2d 557) (1998). Under the circumstances, the jury was authorized to find Murray guilty of armed robbery, notwithstanding Cox's failure to correctly identify him at trial. See *Jackson v. State*, supra; *Harper*, supra.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 18, 1999.

*Bobby D. Wilson*, for appellant.

*J. Tom Morgan, District Attorney, Keith E. Adams, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.