## A99A1824. BRANDON v. THE STATE.
### (528 SE2d 809)

POPE, Presiding Judge.

Charles Brandon appeals his conviction and sentence for burglary, theft by taking and entering an automobile with intent to commit theft or a felony. In addition to raising the general grounds, he asserts the trial court erred by giving two improper jury charges, and he claims ineffective assistance of counsel.

Construed in favor of the verdict, the evidence shows that at about 2:20 a.m., Officer Joseph Pobalis of the Richmond County Sheriff's Department was dispatched to check out strange noises coming from a landfill. Shortly after entering one gate of the landfill, Pobalis saw a truck crash through a second gate and come toward him. Pobalis got a good look at the driver's face from a distance of about ten feet. Dragging behind the truck on a chain was a large safe. After the truck passed, Pobalis saw a second man on the property near the landfill buildings, and he began chasing him on foot through the landfill onto neighboring private property where he saw the man attempt to hide underneath a car. Pobalis never lost sight of the man, and he apprehended him beside the car. The man Pobalis captured was Charles Brandon, the defendant. Brandon was muddy, acting nervous and out of breath.

Sergeant Billy Hambrick also responded to the call. He saw a car parked on the side of the road near the landfill, and he waited by the car. A shirtless man approached on foot. He was sweaty, muddy and out of breath, and he said that the car was his and that it was broken

down. Because Hambrick had heard Pobalis report that men had run from the scene, he took the man, who gave his name as James Tolver, into custody. A radio belonging to the landfill was found in this car. Shortly thereafter, the man identified as Tolver escaped. Tolver, Brandon's co-defendant, was arrested on a warrant six weeks later. At trial, Pobalis identified Tolver as the man driving the truck.

Investigator Jerry Howell and the director of the landfill testified that the landfill offices and vehicles had been ransacked and burglarized. A truck with a chain and safe attached was found resting against a light pole. Various items belonging to the landfill office were found moved from their usual location. But Howell could not get fingerprints from the vehicles and other items at the scene because of the rain.

1. Both Brandon and Tolver testified that they were not at the landfill that night, and they denied all charges. Brandon claimed that he was hiding next to a car because he had been visiting a lady friend in a nearby trailer and he thought the woman's husband was coming home. But Brandon was chased from the scene of the burglary, and Pobalis caught him without ever losing sight of him. It was rainy and dark, Pobalis did not see the runner's face, and at one point Pobalis thought two men may have been running ahead of him. But whether Brandon was the man Pobalis chased was a question of fact for the jury.

Next, it is true that mere presence at the scene of a crime is insufficient to support a conviction. *Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998). But, "[t]he fact that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner." *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683) (1990). And, "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Cummings v. State*, 227 Ga. App. 564, 566 (489 SE2d 370) (1997).

Here, no one was authorized to be on the landfill property at that hour of the night. Brandon was seen trespassing on the burglarized property at 2:20 a.m. in the immediate vicinity of the burglary while it was taking place. He was nearby when the truck dragging the safe passed, and he fled the scene at the first sight of an officer. The evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to convict Brandon. See, e.g., *Scott v. State*, 238 Ga. App. 258, 259-260 (1) (518 SE2d 468) (1999); *Oakes v. State*, 233 Ga. App. 684, 685-686 (1) (505 SE2d 33) (1998); *Stokes v. State*, 232 Ga. App. 232, 233 (1) (501 SE2d 599) (1998).

2. Brandon contends the following charge to the jury was improper: "I charge you that juries are not bound to believe testi-

mony as to facts incredible, impossible or inherently improbable." He contends the charge is an improper statement of the law and that it constitutes an improper comment on the evidence. Resolution of the first question decides the case.

The statement was a correct, although incomplete, statement of the law. *Patton v. State*, 117 Ga. 230, hn. 5 (43 SE 533) (1903). But we must determine whether it was appropriate to give in this case. In *Patton*, the case establishing the rule, the Supreme Court held:

> Courts and juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable. Great physical laws of the universe are witnesses in each case, which cannot be impeached by man, even though speaking under the sanction of an oath.

Id. The high court explained that when testing the sufficiency of the evidence, an appellate court cannot consider the credibility of witnesses, except that the court may hold that a witness's testimony is to be accorded no value under this circumstance, i.e., when it is not "in accord with natural laws, or is improbable, incredible, or seeks to establish facts which are impossible, or which, if not impossible, must in their very nature be uncertain, vague, indefinite, and insufficient to remove reasonable doubts." Id. at 234. The court characterized the exception as applying when the testimony is contrary to the "great physical laws of the universe." Id. at 235. In *Patton*, the court applied the rule to nullify the testimony of a witness who claimed the ability to recognize a voice from fifty to seventy-five yards away, when only three words were spoken, and when the witness had so little experience with the voice that he had no grounds for claiming to be able to identify it. Id. at 236-237.

We have held that this exception applies in only "extraordinary cases," *Central of Ga. R. Co. v. Summers*, 34 Ga. App. 340, 343-344 (2) (129 SE 659) (1925), and only for statements "which run contrary to natural law and the universal experience of mankind." *Webb v. State*, 82 Ga. App. 543, 545 (61 SE2d 542) (1950). When there is nothing inherently impossible, incredible, or even improbable, the rule does not apply. *Booker v. State*, 50 Ga. App. 66, 68 (176 SE 917) (1934).

It is error to give a charge on this proposition of law when it is not warranted by the evidence. *Dixie-Ohio Express v. Brackett*, 106 Ga. App. 862, 872-874 (7) (128 SE2d 642) (1962); cf. *Southern R. Co. v. Smalley*, 116 Ga. App. 356, 358-359 (4) (157 SE2d 530) (1967) (not error to refuse to give the charge where not warranted). In such a case, the charge can mislead the jury into believing that there was incredible, impossible, or inherently improbable testimony or that they would be authorized to find that there was. *Brackett*, 106 Ga.

App. at 874. The charge tends to discredit a witness's testimony in the eyes of the jurors and can "confuse the jury as to the real issues." Id.

In this case, there was nothing about Brandon's alibi that ran contrary to the "great physical laws of the universe." His story may have been improbable, but it was not impossible. And, it could very well have been true. It could also be true that Pobalis did lose sight of Brandon in the dark and rain and that Brandon was not the right man. These questions should have been presented to the jury without this inapplicable charge. See also *Thornton v. State*, 161 Ga. App. 296, 299 (287 SE2d 749) (1982) (Deen, P. J., concurring specially) (distinguishing two types of "incredible, impossible, or inherently improbable evidence").

For these same reasons we cannot say the error was harmless. Brandon's alibi was his sole defense, and the erroneous charge discredited his testimony.

3. Brandon also challenges the following jury instruction: "You will determine both the law and the facts in this case." This issue is addressed in *Dasher v. State*, 229 Ga. App. 41, 44 (3) (494 SE2d 192) (1997). There we held,

> The Georgia Constitution states: "[T]he jury shall be the judges of the law and the facts." Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). A previous edition of the Pattern Jury Instructions included a charge: "You will determine both the law and the facts." This instruction was replaced by a more accurate and complete instruction in January 1996. . . . The better practice would be to limit the instruction to the new pattern charge.

Because the case must be retried, the claim that there was ineffective assistance of counsel is moot.

*Judgment reversed. Smith and Miller, JJ., concur.*

DECIDED JANUARY 20, 2000.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.