## A00A2318. MELVIN v. THE STATE.
(542 SE2d 140)

RUFFIN, Judge.

A Lowndes County jury found Jerry Melvin guilty of armed robbery and possession of a firearm during the commission of a crime. On appeal, Melvin challenges the sufficiency of the evidence. He also contends that the trial court erred in permitting the prosecutor to make prejudicial remarks in closing argument. Melvin's contentions lack merit, and we affirm.

1. On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict.[1] So viewed, the evidence shows that, on December 21, 1998, Marie Gilliland, a clerk in a convenience store, was waiting on a female customer. Two men entered the store together and walked to the back. After the customer paid for her purchases and left, the two men returned to the front of the store. While one man, later identified as Melvin, stood by the front door, the other man walked to the cash register, produced a gun, and demanded money. According to Gilliland, the gunman told her to give him the money or he would "blow [her] brains out." Gilliland handed the gunman money from the safe. She testified that, once the gunman had the money, Melvin "eased out" of the convenience store, followed by the gunman.

As Melvin was leaving, he was spotted by Arthur Fiffie, who was on his way into the store to do some shopping. According to Fiffie, Melvin was leaving with two other men. Fiffie called out to Melvin,[2] who "broke off" from the other two and stopped to talk to Fiffie while the other men kept walking. While talking to Fiffie, Melvin said nothing about having witnessed an armed robbery.

Sergeant Ben Brinson of the Valdosta Police Department questioned Melvin about the crime. According to Brinson, Melvin "advised [him] that he went to the [convenience store], and when he walked in, there was a black male inside robbing the store. [Melvin] said he just stood at the door while the guy proceeded to rob the store." Contrary to Melvin's contention, this evidence was sufficient to support the jury's finding of guilt.

Melvin argues that he cannot be found guilty based upon his mere presence at the scene of the crime. While it is true that

mere presence at the scene of the commission of a crime is

---

[1] *Murray v. State*, 239 Ga. App. 659 (522 SE2d 48) (1999).

[2] Although Fiffie recognized Melvin, he could not remember his name and called out a nickname. Fiffie, who had attended high school with Melvin, subsequently identified Melvin from a yearbook.

not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.[3]

Here, Melvin entered the store with the gunman and walked with him to the back of the store. After the lone customer left the store, Melvin walked with the gunman back to the front of the store and stationed himself by the front door. Only after the gunman obtained money from the cashier did Melvin leave. Moreover, Melvin's statement that he entered the store while the robbery was in progress was flatly contradicted by Gilliland's testimony.

Based on this evidence, the jury was authorized to conclude that Melvin was a lookout for the gunman, not an innocent bystander who, although conveniently positioned next to the front door of the store, chose to stay for the duration of the armed robbery rather than flee. And, although Melvin did not actually wield the gun, any person who "[i]ntentionally aids or abets in the commission of [a] crime" may be convicted of committing the crime.[4]

2. In his second enumeration of error, Melvin claims that the trial court erred in allowing the prosecutor to make "improper and prejudicial comments" in closing argument. During closing, the prosecutor stated:

> [I]t comes to a point where you have to make a determination as to truth and fiction, you look at [Melvin's] credibility, whether or not a statement or a witness that has testified has a reason not to be truthful, has something to gain or benefit. And I think when you compare the statements that Jerry Demetrius Melvin. . . .

At this point, Melvin's attorney objected, arguing that his client did not testify and, thus, his credibility was not at issue. In addition, he argued that the prosecutor's remarks were "getting awful close to . . . commenting on . . . [a defendant's] right to testify or not testify."[5] Although the trial court overruled the objection, it instructed the jury that a defendant has a right to not testify and that the jury was not to draw any inference from the defendant's exercise of that

---

[3] (Punctuation omitted.) *Peppers v. State*, 242 Ga. App. 416, 417 (1) (530 SE2d 34) (2000).

[4] OCGA § 16-2-20 (a), (b) (3).

[5] Melvin's attorney also argued that the prosecutor was improperly injecting his personal feelings into the closing argument, but Melvin does not address this contention on appeal. Accordingly, this argument is deemed abandoned. See *Vick v. State*, 237 Ga. App. 762, 763 (1) (516 SE2d 815) (1999).

right. Rather than requesting additional instructions or moving for a mistrial, Melvin's attorney thanked the trial court.

If a defendant is dissatisfied with a trial court's curative instruction, it is incumbent upon him either to move for a mistrial or to request additional relief, and failure to do so precludes appellate review.[6] Here, Melvin's failure to either renew his objection or move for a mistrial following the trial court's instruction to the jury precludes us from addressing the alleged error on appeal.[7]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 8, 2000.

*Vernita L. Lee*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.

---

[6] *Wells v. State*, 243 Ga. App. 629, 631 (3) (534 SE2d 106) (2000).

[7] See *Miller v. State*, 240 Ga. App. 18, 19 (2) (522 SE2d 519) (1999).