A01A1476. TOLVER v. THE STATE.
(554 SE2d 271)

JOHNSON, Presiding Judge.

James Tolver was convicted of burglary, theft by taking, and entering an automobile. On appeal, he claims the trial court committed reversible error in charging the jury that it was "not bound to believe testimony as to facts incredible, impossible or inherently improbable." We agree with Tolver and reverse his convictions.

Viewed in a light most favorable to the verdict, the evidence shows that at about 2:00 a.m. police received a report of strange noises at a county landfill. Upon arriving at the landfill, an officer saw a truck crash through one of the gates and come toward him. The truck was dragging a large safe attached to a chain. The officer then saw a second man, Charles Brandon, standing near a landfill building. The officer started chasing Brandon on foot and captured him as he attempted to hide beneath a car on neighboring property. Brandon was muddy, nervous, and out of breath.

Another officer responding to the call saw a car parked on the road near the landfill. As he waited near the car, a sweaty, muddy man approached on foot. The man, who was out of breath, said his name was James Tolver, that the parked car was his, and that it had broken down. Because the first officer had reported that the men he had seen at the landfill ran from the scene, the second officer placed the man who had identified himself as Tolver in the police car. The first officer saw the man seated in the patrol car and recognized him as the man he saw driving the truck. When the officers walked back to the office building to continue their investigation, the man escaped

from the patrol car. They arrested Tolver about six weeks later during a traffic stop.

The landfill's director testified that he was called to the landfill immediately after the incident occurred and noticed that the office had been broken into, the safe had been damaged and moved from inside the office to the parking lot, several vehicles had been damaged, and a radio was missing. The radio was found in the car which had been parked outside the landfill.

At their joint trial, both Brandon and Tolver denied being at the landfill that night. Brandon testified that he was hiding on the neighboring property because he had been visiting a woman in a nearby trailer and he thought the woman's husband was coming home. Tolver testified that he was not at the landfill that night, though he gave no specific alibi. One of the officers, however, identified Tolver as the man he saw driving the truck at the landfill. Both men were convicted of burglary, theft by taking, and entering an automobile.

Brandon appealed first, urging that the trial court erred in including in its charge the instruction that "juries are not bound to believe testimony as to facts incredible, impossible or inherently improbable." In reversing Brandon's convictions, we held that the statement was a correct statement of the law, but that it was inappropriate to give in Brandon's case.[1] The complained-of principle, we stated, should be used only in extraordinary cases, and only where a witness' statement runs "contrary to natural law and the universal experience of mankind."[2] It was not appropriate in a case such as Brandon's, where the defendant testified that he was present near the scene only because he was hiding from a jealous husband. The charge, we held, can mislead jurors into believing that there was incredible, impossible, or inherently improbable testimony, or that they were authorized to find that there was such testimony.[3] This type of charge tends to discredit a witness' testimony in the eyes of the jurors.[4]

In this case, as in *Brandon,* there was nothing about Tolver's story — that he was not at the landfill when the crimes occurred — that "ran contrary to the 'great physical laws of the universe.'"[5] Although Tolver's testimony may have been improbable in light of the state's evidence that he was indeed the man who drove the truck

---

[1] *Brandon v. State,* 241 Ga. App. 887, 889 (2) (528 SE2d 809) (2000).

[2] Id.

[3] Id.

[4] Id. at 890 (2).

[5] See id.

and fled the scene that night, it was not incredible, inherently improbable, or impossible.

The state concedes that the trial court erred in giving the charge, but argues that the error was harmless because of the overwhelming evidence of Tolver's guilt. We disagree. Tolver's testimony that he was not present at the scene was his sole defense at trial. The erroneous charge discredited his testimony, so the error was not harmless.[6] Just as the error committed at the joint trial was harmful to his co-defendant, Brandon, it was also harmful to Tolver. The case is remanded for a new trial.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 20, 2001.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[6] See *Stephens v. State*, 245 Ga. App. 823, 826 (4) (538 SE2d 882) (2000).