## 42161. HUBBERT v. THE STATE.
(330 SE2d 583)

MARSHALL, Presiding Justice.

Albert Hubbert appeals from his conviction of the malice-murder of Johnnie B. Rakestraw and his sentence of life imprisonment.[1]

1. The evidence authorized the jury to find the following facts. The victim and Willie Hicks went to an apartment on Kennedy Street in Atlanta around 6:00 p.m. They had spent the day together and shared a pint of whiskey after the victim had cashed his income tax refund check. There were other persons at the apartment, some of whom were playing checkers throughout the night. The appellant and the victim were together, "having fun." At approximately 8:00 p.m., as Hicks was leaving the apartment, he thought he saw someone being struck, then he saw someone stagger. When Hicks went back to the apartment, he saw the appellant standing over the victim with a knife. Hicks grabbed the appellant's hand to stop him from stabbing the victim again, whereupon the appellant said, "He hit me with a 2 x 4 [2-inch by 4-inch board]. I'm going to kill him." Hicks told the appellant, "The man is already dead." The victim was lying on his back on the ground in an alley, and blood was visible on his chest. Hicks saw neither a "2 x 4" near the victim nor any weapon on the victim's person.

At the appellant's suggestion, he and Hicks called the police from a pay telephone. On the way to and from the telephone, Hicks saw no signs of any wounds or injuries to the appellant. When the police arrived, the appellant approached an officer, volunteered the statement "I'm the one that stabbed the guy," handed him the knife, and told the officer that the deceased had hit him in the head with a "2 x 4." The officer looked around the area, but could find no "2 x 4."

After being advised of his rights, the appellant gave a statement to the effect that he and the victim were playing checkers; that he won $2 off the victim; that the victim took a dollar from him, and the appellant put $2 back up again; that he won, and the victim got a "2 x 4" and hit him on the side of his head two times; that then the appel-

---

[1] The crime was committed on September 26, 1983. The jury returned its verdict on January 31, 1984. A motion for new trial was filed on March 1, 1984, and was heard and overruled on August 29 and October 22, 1984. An out-of-time notice of appeal was allowed to be filed on February 26, 1985. The transcript of evidence was filed on March 22, 1985. The case was docketed in this court on April 1, 1985. After briefing, it was submitted for decision without oral argument on May 17, 1985.

lant got the knife out of his pants and stabbed him; that then he called the police and told them that he had stabbed him; that he told a man named Clement Lee Hicks that he had stabbed him and to call the police; that he saw the police and gave himself up.

The police officer who took the appellant's statement returned to the crime scene the following day. His search of the area turned up no such object as a "2 x 4." The officer testified that neither on the night of his arrest nor after giving his statement did the appellant appear to have sustained any cuts, abrasions or bumps on the head or face. Photographs of the appellant at that time, which were introduced in evidence, showed no indications of his having been struck. An autopsy on the victim revealed the cause of death to have been a stab wound which penetrated the heart, and there were also superficial wounds on the inside of the victim's hands, which were consistent with an attempt at self-defense.

Under the above evidence a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial judge did not err in giving the following instruction to the jury at the conclusion of his charge as to what constitutes malice-murder: "Premeditation is not a specific element of malice-murder in Georgia." This is a correct statement of Georgia law, taken verbatim from *Burnett v. State*, 240 Ga. 681, 688 (9) (242 SE2d 79) (1978). Moreover, the state requested this charge, and at the charge conference, counsel for the appellant, when asked if he had any objections to the requested charges, stated, "No, Your Honor." Thus, the error, if any, cannot be complained of on appeal. *Perryman v. State*, 244 Ga. 720 (2) (261 SE2d 588) (1979).

3. The appellant contends that the following charge to the jury was effectively coercive: "I charge you that if you believe beyond a reasonable doubt, having found the defendant not guilty of the offense of murder at any time within seven years next preceding the date that this bill of indictment was found in this court, that this defendant did in this county commit the crime of voluntary manslaughter, then and in that event you would be authorized to find the defendant guilty of voluntary manslaughter." The contention that substantially the same charge is coercive and burden-shifting has been found to be without merit. *Harrell v. State*, 249 Ga. 48, 51 (5) (288 SE2d 192) (1982) and cits.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 1985.

*Kenneth D. Feldman*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant*

District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Attorney, for appellee.