## 42435. LEVERETT v. THE STATE.
(333 SE2d 609)

WELTNER, Justice.

Leroy Leverett shot and killed Willie Hudson with a handgun. He was convicted of murder and sentenced to life imprisonment.[1]

1. Leverett's appeal from his conviction consists of three enumerations of error, all relating to instructions to the jury.

At the close of the entire charge, defense counsel objected to the charge as to flight. After noting the objection, the court inquired "[D]o you have any exceptions to the Court's charge?" The district attorney replied: "None on behalf of the State, Your Honor." The defense counsel answered: "We have none, except that one exception, Your Honor."

"Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge." *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982).

Thus, the only enumeration preserved for appeal is that noted in the trial record.

2. Leverett alleges that the trial court erred in charging the jury on flight.

The evidence showed that, after shooting the victim, Leverett left the crime scene and ran down the street. At that time, a security officer of the Medical College of Georgia, investigating the firings, was driving along the street. Upon encountering the police vehicle, Leverett began walking towards the car, shouting to the officer, "Come on and lock me up. I . . . shot [two persons]."

This evidence might indicate that Leverett was attempting to report the incident. It might also indicate that he had been trying to elude the police.

The court charged: "I charge you that you may consider whether you will draw any inference of guilt from flight or similar acts, if proven. Flight or similar acts, if any, is subject to explanation. You decide the weight to be given to it, or whether to draw an inference or consciousness of guilt or not. You decide if there was flight or similar acts, whether it was due to a sense of guilt or for other reasons; and, if for other reasons, no inference harmful or hurtful to the defendant should be drawn." This instruction was substantially similar to the pattern jury charge on flight, *Suggested Pattern Jury Instructions*,

---

[1] The crime was committed on September 20, 1984. Leverett was convicted on February 1, 1985. His motion for new trial was filed March 8, 1985, amended on May 6, 1985, and denied on May 10, 1985. The transcript was certified on April 8, 1985. The notice of appeal was filed on May 22, 1985. The case was docketed in this court on June 17, 1985, and was submitted on August 2, 1985.

Vol. II, p. 28, 1984, and correctly stated the law.

"The charge did not intimate to the jury that flight had been proven but left it to the jury to determine whether there was flight, and, if so, what inference might be drawn therefrom. We find no merit in this enumeration." *Harris v. State,* 234 Ga. 871, 874 (218 SE2d 583) (1975). The charge on flight was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 5, 1985.

*Richard E. Allen,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.