### A89A0605. THORNTON v. THE STATE.
(383 SE2d 181)

POPE, Judge.

Defendant Melvin Houston Thornton appeals from his convictions for possession of tools for the commission of a crime, two counts of aggravated assault, carrying a pistol without a license and possession of a firearm by a convicted felon.

1. Defendant argues that certain portions of the trial court's instructions to the jury violated the statutory prohibition against expression or intimation by a judge of his opinion as to what has or has not been proven or as to the guilt of the accused, pursuant to OCGA § 17-8-57. The record shows that during the course of deliberations the jury requested additional instruction on the issues of reasonable doubt and circumstantial evidence. In responding to the request for additional instruction, the trial judge attempted to distinguish circumstantial evidence from direct evidence and, by way of example, stated that the testimony of two eyewitnesses in the case was direct testimony. The judge stated: "[T]he officer testified and the witnesses testified that they saw [the aggravated assault] happen. That's direct evidence if you believe what the witnesses say, but there may be other facts and circumstances surrounding it which are circumstantial evidence, and so thus I gave you the rule [concerning circumstantial evidence]. Carrying a pistol without a license. The officers and the witnesses testified to that as direct evidence as having seen him with a pistol and having taken it away from him . . . ." We reject defendant's argument that these instructions were improper. The court did not comment upon the credibility of the testimony of the eyewitnesses but merely stated that the testimony, if it was believed by the jury, was direct evidence. "The charge as made by the trial judge in this regard was not a comment on what the evidence showed, but was merely part of his explanation of the rule [of law on which the jury had asked for further instruction]." *Hunsucker v. State,* 160 Ga. App. 846, 848 (287 SE2d 689) (1982). "There is a wide difference between saying that a particular thing has been proved and saying that there has been testimony on that thing." *Fair v. State,* 171 Ga. 112, 120 (155 SE 329) (1930). We find no error in the court's instruction to the jury.

2. The direct testimony of the eyewitnesses was sufficient to establish defendant's guilt beyond a reasonable doubt. Consequently, defendant's argument that the judgment should be reversed on the general grounds is meritless.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

### DECIDED JUNE 5, 1989.

*Lawrence E. Diamond*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, William L. Hawthorne III, Assistant District Attorneys*, for appellee.