S92A0961. DOSS v. THE STATE.
(422 SE2d 185)

CLARKE, Chief Justice.

Theodis Doss stabbed and killed Robert Wallace in a tavern in Fulton County. Doss was indicted on and convicted of malice murder and felony murder.[1]

Doss and Wallace had an argument in the tavern the night before

---

[1] The homicide occurred on July 29, 1990. Doss was indicted on October 23, 1990. He was convicted of malice murder and felony murder on September 5, 1991. The trial court merged the convictions and sentenced Doss to life imprisonment for the malice murder conviction. His motion for a new trial was filed on October 4, 1991, and denied on February 21, 1992. Doss filed a notice of appeal on March 24, 1992. The appeal was docketed on May 21, 1992, and submitted without oral argument on June 15, 1992.

the killing. On the night of the stabbing, the victim and Doss began fighting. Doss was hitting the victim. Wallace picked up a bar stool to fend off his assailant when Doss pulled out a knife and stabbed Wallace in the leg. Wallace, bleeding heavily, cried out that he had been cut and fell to the floor. Doss went home, washed off the knife, and never returned to the tavern.

Wallace was still alive when police officers arrived at the scene, but he died during surgery at Grady Hospital. The knife wound cut through the femoral artery, causing heart failure due to loss of blood.

The police arrested Doss on September 4, 1990. Two witnesses identified him from a photographic lineup. Doss admitted stabbing Wallace. Doss testified that he stabbed Wallace in self-defense, believing that the victim had a weapon. The jury found Doss guilty of malice murder and felony murder. The trial court merged the two counts and sentenced Doss to life imprisonment on the malice murder charge. Doss appeals and we affirm.

1. In his first enumeration of error, appellant claims that the trial court's jury instructions prevented the jury from fully considering appellant's claim of self-defense. Appellant makes two different arguments under this one enumeration. This Court will not consider error argued in the appellant's brief but not listed as an enumeration of error. *Adams v. State*, 201 Ga. App. 12 (5) (410 SE2d 139) (1991); *Fancher v. State*, 190 Ga. App. 438 (2) (378 SE2d 923) (1989). Even if appellant's claims were properly argued, however, they are without merit.

2. First, appellant argues that the trial court did not specifically charge the jury that self-defense is a defense to aggravated assault, the underlying felony in the felony murder count. This amounts to no more than harmless error since the trial court merged appellant's felony murder conviction with his malice murder conviction. *Heard v. State*, 261 Ga. 262 (3) (403 SE2d 438) (1991). In addition, the trial court gave an instruction on self-defense as a defense to malice murder. This instruction was sufficient.

3. Appellant then argues that the trial court erred by not instructing the jury that if they believed the accused to have been justified, it would be their duty to acquit him. The trial court charged almost exactly the language contained in OCGA § 16-3-21. The court instructed the jury that if the defendant raised the issue of self-defense, the State would have the burden of proving that the accused did not act in self-defense. Along with the court's explanation of the burden of proof and the State's responsibility to prove each element beyond a reasonable doubt, the court explained that it would be the jury's duty to acquit appellant if the State failed in this regard. These instructions, taken as a whole, were sufficient. See *Walston v. State*, 245 Ga. 572 (2) (266 SE2d 185) (1980).

4. In his second enumeration of error, appellant argues that the trial court erred by instructing the jury that premeditation is not an element of murder. The trial court charged the jury on intent and malice aforethought. Premeditation is not an element of murder. *Hubbert v. State*, 254 Ga. 429, 430 (2) (330 SE2d 583) (1985).

5. Finally, appellant makes a two-part argument that the trial court invaded the province of the jury. First, by emphasizing the murder counts in the jury charges, the court obscured the voluntary manslaughter count. Second, the court restricted the jury's province in its deliberations denying the jury adequate opportunity to consider all the facts and law in the case.

The court gave proper instructions for both murder and manslaughter. Appellant's reliance on *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992), is misplaced. The portions of *Edge* cited by appellant relate to sequential charges on murder and manslaughter. The trial court in this case did not give a sequential charge. The jury found appellant guilty of malice and felony murder and did not return a verdict on the voluntary manslaughter count. The evidence at trial did not require a verdict of voluntary manslaughter. Testimony by the witnesses showed that appellant was the aggressor, that the victim had no weapon and was only trying to defend himself, and that appellant intended to commit an aggravated assault or a murder. The evidence did not require the jury to find legally sufficient provocation to reduce the charge to manslaughter. See *Martin v. State*, 262 Ga. 312 (418 SE2d 12) (1992).

6. We conclude that a rational trier of fact could have found the defendant guilty of the crime of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Bell, P. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 30, 1992.

*Allison V. Cobham*, for appellant.

*Lewis R. Slaton, District Attorney, D. Victor Reynolds, Nancy A. Grace, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.