## S94A1082. SHAAGHIR v. THE STATE.
### (448 SE2d 196)

SEARS-COLLINS, Justice.

The appellant, Harry Shaaghir, was convicted of the armed robbery and murder of Michael Dixon. He was sentenced to two life sentences to run consecutively.[1] He now appeals, and we affirm.

1. The facts of this case are set forth in our opinion affirming the felony murder conviction of Shaaghir's co-defendant, Brian Gober. *Gober v. State*, 264 Ga. 226 (443 SE2d 616) (1994). We find the facts sufficient to support Shaaghir's convictions for malice murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, Shaaghir contends the trial court erred in its recharge to the jury on malice murder. We find no error.

In the recharge, the trial court instructed the jury

[i]n regard to malice murder, if you find that there was mal-

---

[1] The crimes occurred on November 25, 1992. Shaaghir was indicted on June 11, 1993. The jury returned guilty verdicts on October 13, 1993, and the trial court sentenced Shaaghir the same day. The verdict and sentence were filed on November 3, 1993. Shaaghir filed a motion for new trial on November 12, 1993, and amended the motion on February 10, 1994. The trial court denied the motion, as amended, on February 10. On March 21, 1994, the trial court ordered that Shaaghir be permitted to file an out-of-time appeal. Shaaghir filed an out-of-time notice of appeal on March 24. The case was docketed in this Court on April 13, 1994, and was submitted for decision on briefs on June 6, 1994.

ice murder as to the defendant, Shaaghir, then armed robbery does not merge into that and you would need to make a determination as to whether or not the defendant Shaaghir has been shown beyond a reasonable doubt to have committed the offense of armed robbery.

Shaaghir contends that this recharge led the jury to believe that the malice murder charge only applied to Shaaghir and not to Gober, and that Shaaghir was harmed by the recharge because Shaaghir was convicted of malice murder and armed robbery and Gober was convicted only of felony murder. We find no error. Significantly, Shaaghir does not contend that the recharge was incorrect as applied to him but only that the recharge should also have covered Gober. However, even if Gober should have been covered by the recharge, we fail to see how a correct recharge as to Shaaghir can be erroneous merely by the failure to include a co-defendant. Moreover, the trial court's charge as a whole must be considered. As the main portion of the charge clearly informed the jury that Gober could be found guilty of malice murder and as the recharge merely explained the relationship of the malice murder charge to the armed robbery charge based on the evidence against Shaaghir, we conclude that a reasonable juror would have understood that Gober was also subject to a malice murder charge.

3. Shaaghir's co-defendant, Brian Gober, did not testify at trial, but a statement of his was introduced into evidence. Although the statement was heavily redacted, Shaaghir contends that the statement nevertheless conveyed to the jury that he was involved with the killing of Dixon, and that the introduction of Gober's statement therefore violated the rule of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). However, even if the reading of the redacted statement to the jury can be said to violate *Bruton*, any error in admitting the statement

"was harmless beyond a reasonable doubt in view of the overwhelming evidence of [Shaaghir's] guilt as manifested by [Shaaghir's] confession, which completely comported with the . . . evidence, and the comparatively insignificant effect of the codefendant's admission."

*Short v. State*, 256 Ga. 165, 168 (345 SE2d 340) (1986) (quoting *Schneble v. Florida*, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972)).

4. Contrary to Shaaghir's third enumeration of error, we conclude the trial court's charge on premeditation was not erroneous. See *Hubbert v. State*, 254 Ga. 429, 430 (330 SE2d 583) (1985).

5. In his fourth enumeration of error, Shaaghir contends that the trial court erred by refusing to charge the jury on voluntary man-

slaughter. We disagree, as there is not even slight evidence in the record of provocative conduct by the victim sufficient to warrant a charge on voluntary manslaughter. See *Hunter v. State*, 256 Ga. 372 (2) (349 SE2d 389) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Sarina J. Woods,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.