## A96A2378. SLATON v. THE STATE.
(480 SE2d 872)

JOHNSON, Judge.

Jarred Slaton appeals from his conviction of armed robbery and aggravated assault, and from the denial of his motion for new trial. We affirm.

1. Slaton claims the evidence was insufficient to support the conviction. An appellate court may not weigh the evidence or determine witness credibility, but must view the evidence in the light most favorable to the verdict. The presumption of innocence does not apply on appeal. *Powell v. State*, 218 Ga. App. 556 (462 SE2d 447) (1995). Viewed in this light, the evidence shows that two masked men robbed a convenience store in Warm Springs just after 10:00 p.m. on September 6, 1995. In addition to taking the store's cash, the robbers pistol-whipped one of the two employees and stole a pistol from him.

Between 10:30 and 11:00 that night, Slaton and Tony McAfee (whose conviction of the robbery in a separate trial was affirmed by this Court in an unpublished opinion) went to the home of Teleshia White, about a mile and a half from the store. Slaton, breathing hard, told White he was running from police.

Between 11:30 p.m. and 12:30 a.m. the same night, Slaton and McAfee visited another home in Woodbury. Two people there heard Slaton say he and McAfee had just made a "hit" or "lick." A GBI officer testified at trial that "lick" is slang for robbery.

About two weeks later, police executed a search warrant for the trailer of McAfee's half-sister. In one of the closets, they found Slaton, McAfee, and the pistol taken in the robbery. The pistol was on a shelf in the closet, not on the person of Slaton or McAfee. McAfee had been seen with the pistol several times since the robbery, but Slaton had not.

After his arrest, Slaton was interrogated by a GBI officer. The officer testified that Slaton told her, "hypothetically," that if three people had been involved in the robbery, McAfee would have been the one with the gun, someone else would have been the one waiting outside with a car, and Slaton would have been the second robber who went inside the store.

Based on this evidence, a rational trier of fact could have found Slaton guilty beyond a reasonable doubt of aggravated assault and armed robbery. See *Mitchell v. State*, 222 Ga. App. 866, 867 (1) (476 SE2d 639) (1996); *Grace v. State*, 210 Ga. App. 718, 719 (1) (437 SE2d 485) (1993). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781,

61 LE2d 560) (1979).

2. Slaton asserts that the trial court erred in allowing into evidence his unredacted custodial statement, in which Slaton claimed he could take the GBI officer to a place where marijuana was growing. Slaton contends this improperly placed his character in evidence. This contention is correct. See generally *Capers v. State*, 220 Ga. App. 869, 875-876 (470 SE2d 887) (1996). However, the admissible evidence of Slaton's guilt, which included his own statements heard by four people on three separate occasions, was overwhelming. The error was therefore harmless. See *Shaaghir v. State*, 264 Ga. 492, 493 (3) (448 SE2d 196) (1994).

3. Slaton's remaining enumerations of error concern the jury charge.

(a) Slaton maintains that the following instruction violated *Sandstrom v. Montana*, 442 U. S. 510, 523-524 (99 SC 2450, 61 LE2d 39, 50-51) (1979), by shifting the burden of proof to him: "If you find beyond a reasonable doubt that the crime of armed robbery has been committed as charged in the indictment and certain personal property was stolen as a result of such crime and if recently thereafter the defendant should be found in possession of the stolen property, that would be a circumstance along with all other evidence from which you may infer guilt as to the charge of armed robbery as set forth in the indictment, if you see fit to do so, unless there should be from the evidence a reasonable explanation of the possession of such property consistent with a plea of innocence, which is a question solely for you, the jury, to determine."

Because this charge merely allowed, and did not require, the jury to draw the inference, the charge was not erroneous. See generally *Leverett v. State*, 254 Ga. 691 (2) (333 SE2d 609) (1985).

(b) Slaton also claims the trial judge improperly commented on the evidence twice during the charge, in violation of OCGA § 17-8-57. In the first challenged comment, the court noted that "there was evidence introduced that one of the people involved had the weapon and that the others were present in some capacity." The second challenged comment was that there was "some evidence in this case involving recent possession of certain stolen items that took place in the armed robbery."

Our review of the transcript shows that, in these comments, the judge was not telling the jury what the evidence proved, but instead was merely drawing their attention to the evidence which was relevant to the next charge to be given. "There is a wide difference between saying that a particular thing has been proved and saying that there has been testimony on that thing." (Citation and punctuation omitted.) *Thornton v. State*, 191 Ga. App. 801 (1) (383 SE2d 181) (1989).

Moreover, in deciding whether the trial judge expressed or intimated an opinion in the charge, we must consider the charge as a whole. *Ellis v. State*, 216 Ga. App. 232, 233-234 (2) (453 SE2d 810) (1995). In this case, the challenged comment on possession of stolen property was immediately followed by the language discussed in Division 3 (a) above. The other portions of the charge also contained repeated statements that it was entirely up to the jury to decide what the evidence had or had not proven. The charge as a whole therefore did not express or intimate the judge's opinion on what the evidence showed.

(c) Slaton contends that the following example the trial court used to explain the concept of "party to a crime" impermissibly implied that Slaton was guilty: "[A] party to the crime means that everybody that participates in the crime is guilty of the crime. Let me give you an example. If you have a burglary — this case did not involve burglary. But . . . if you have a burglary . . . if one person breaks in the building and commits the theft but another person stands outside as a lookout but never goes into the building . . . that person is a party to the crime and is just as guilty of the burglary as the person that actually broke and entered into the building."

If a trial court states the law correctly, an appellate court "will not narrowly scrutinize the illustration, if satisfied that, whether right or wrong, it was not calculated to mislead, and did not in fact mislead, the jury." (Citation and punctuation omitted.) *Hall v. State*, 239 Ga. 832, 833 (2) (238 SE2d 912) (1977). A reasonable juror could have interpreted this language only as an illustration, and would not have been misled to think that the court was stating a conclusion that Slaton had been a party to the robbery. This enumeration is without merit.

(d) Slaton asserts that the court erred in charging the jury: "If you find from the evidence in this case that the defendant had no knowledge that the crime was being committed *and* that the defendant did not knowingly and intentionally commit, participate, or help in the commission of the alleged offense, then it would be your duty to acquit the defendant." (Emphasis supplied.) This challenged language fell between the following two sentences: "[K]nowledge on the part of the defendant that the crime of armed robbery or aggravated assault or kidnapping was being committed and the defendant knowingly and intentionally participated in or helped in the commission of such crime must be proved by the State beyond a reasonable doubt. [Language objected to.] On the other hand, should you find beyond a reasonable doubt that the defendant had knowledge of the crime of armed robbery or aggravated assault and that the defendant knowingly and intentionally participated and helped in the commission of it, then you would be authorized to convict the defendant."

The court later charged the jury: "Mere presence at the scene of a crime is not sufficient to convict one as being a party to the crime. . . . A person is a party to a crime only if that person directly commits the crime or intentionally helps in the commission of the crime or intentionally advises, encourages, hires, counsels, or procures another to commit the crime."

The use of "and" instead of "or" was erroneous. "Presence at the scene of a crime, even when coupled with knowledge and approval, not amounting to encouragement, is not sufficient to show that defendant is a party." (Citations omitted.) *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97) (1988). We must affirm the conviction, however, because in view of the rest of the charge, this "slip of the tongue" did not mislead or confuse the jury, and so was harmless. See *Rodriguez v. State*, 211 Ga. App. 256, 257-258 (3) (439 SE2d 510) (1993).

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 30; 1997 — 

*E. Earl Seals*, for appellant.
*Peter J. Skandalakis, District Attorney, Brett E. Pinion, Aileen R. O'Neil Page, Assistant District Attorneys*, for appellee.