## S01A0448. DORSEY v. THE STATE.
(546 SE2d 275)

HUNSTEIN, Justice.

Appellant Roderick Dorsey was tried jointly with co-defendant Lamassay Howard on charges of malice murder, felony murder, and armed robbery and found guilty of all charges. Dorsey contends on appeal that the admission at trial of Howard's statement to police inculpating Dorsey in the murder violated his federal and state constitutional rights to confront witnesses under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) and *Crowder v. State*, 237 Ga. 141 (227 SE2d 230) (1976). Because we find that the error, if any, was harmless beyond a reasonable doubt, we affirm.[1]

1. The State presented evidence showing that Dorsey and Howard attended a party on January 2, 1994. Dorsey wore a brown corduroy jacket to the party and was seen playing with and pointing a .25 caliber gun at guests. Howard wore a black "Starter" jacket. At some point late in the evening, the two men left the party and went to a

---

[1] Dorsey was tried in Fulton Superior Court on October 3-6, 1994 and found guilty of malice murder, felony murder and armed robbery. He filed a motion for a new trial on November 4, 1994, and an amended motion for new trial on April 18, 2000, both of which were denied on May 3, 2000. A notice of appeal was filed on May 26, 2000. The appeal was docketed in this Court on December 7, 2000 and submitted for decision on the briefs on January 29, 2001.

friend's house from where they called a cab. As they were exiting the cab, Dorsey pulled the cab driver from the vehicle, beat him, and fatally shot him in the abdomen. Shortly thereafter Howard returned to the party, followed by Dorsey, and told several witnesses that Dorsey had done something wrong and that he and Dorsey had planned to jump out of a cab without paying but as he was running away from the cab Dorsey shot the cab driver. Howard gave substantially the same statement to police after Dorsey was arrested.[2] After he returned to the party, Dorsey was seen carrying a black bag full of change and was attempting to exchange the coins for paper money.

The victim told police before he died that he had been shot by two men, one wearing a brown corduroy jacket and the other a black "Starter" jacket and that the man wearing the brown corduroy jacket was the shooter. The medical examiner testified that the victim died from a gunshot wound to the abdomen from a .25 caliber gun.

Reviewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Dorsey guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Although Howard did not testify at trial, the State introduced his statement to police inculpating Dorsey. Dorsey contends that the admission of Howard's statement violated his right to confront and cross-examine witnesses against him. See *Bruton,* supra, 392 U. S. 123. We need not address the merits of this enumeration of error, however, because we find that even if the admission of the statement was error, it was harmless beyond a reasonable doubt in view of the other admissible evidence introduced, including statements made by Howard immediately after the shooting, which were consistent with and cumulative of the statement Howard made to police. See *Schneble v. Florida,* 405 U. S. 427, 430 (92 SC 1056, 31 LE2d 340) (1972); *Shaaghir v. State,* 264 Ga. 492, 493 (2) (448 SE2d 196) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Jana M. Whaley,* for appellant.

*Paul L. Howard, Jr.,* District Attorney, *George W. K. Snyder, Bettieanne C. Hart,* Assistant District Attorneys, *Thurbert E. Baker,*

---

[2] Howard stated to police that he and Dorsey were going to run from the cab without paying but while in the cab Dorsey "snapped," pulled the victim out of the cab, and as Howard was running away Dorsey shot the victim.

*Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.