S05A1286. MASON v. THE STATE.
(619 SE2d 621)

THOMPSON, Justice.
Cornelius Mason and co-defendants Etheridge Conaway and Paul Benjamin Green,[1] were jointly tried and convicted for murder and other offenses in connection with the shooting death of Antonio Johnson, as well as related crimes against Leroy Sanders.[2] On appeal, Mason asserts that his trial should have been severed from that of his co-defendants, that the trial court gave an erroneous jury

---

[1] Conaway and Green separately appealed their convictions to this Court; both were affirmed. *Conaway v. State*, 277 Ga. 422 (589 SE2d 108) (2003); *Green v. State*, 274 Ga. 686 (558 SE2d 707) (2002).

[2] The crimes took place on January 1, 1998. Mason was indicted on February 6, 1998, and charged with malice murder, felony murder in the commission of an aggravated assault, armed robbery, kidnapping (two counts), aggravated assault (two counts), false imprisonment (two counts), and possession of a firearm during the commission of a felony (two counts). Trial was held from September 28, 1998 to October 8, 1998, when a jury found Mason and his co-defendants guilty as charged. A motion for new trial was granted on August 11, 1999, based upon the State's failure to prove venue. A second joint trial commenced on August 14, 2000, and on August 30, 2000, Mason was again found guilty of all charges. He was sentenced on February 28, 2001, to two consecutive terms of life in prison for malice murder and armed robbery, respectively; plus consecutive terms for the two kidnapping convictions, and the two illegal weapons possession convictions. Mason's timely motion for new trial as amended was denied on September 30, 2004. A notice of appeal was filed on November 1, 2004. The case was filed in the Court of Appeals and was transferred to this Court by Order dated April 21, 2005. On June 20, 2005, Mason submitted the case for a decision on briefs.

instruction on aggravated assault, and that trial counsel rendered constitutionally ineffective assistance. Finding no reversible error, we affirm.

The evidence at trial established that Mason sold illegal drugs from his home. In the early morning hours of January 1, 1998, victims Johnson and Sanders went to Mason's home to purchase marijuana. Mason accused Johnson of having been involved in a prior plot to rob him, and he forced Johnson and Sanders onto the floor while he interrogated them. When Sanders denied the accusations, Mason slapped him and ordered him to shut up. Each of the three co-defendants produced handguns and held the victims captive, occasionally pistol whipping them, while other drug purchasers came and left the house. At gunpoint, Mason ordered Sanders up the stairs and onto his knees. After a period of time, Conaway took Sanders outside and forced him at gunpoint into a car. Conaway drove around the block, warning Sanders: "don't make me have to kill you, tell me everything you know." When Sanders insisted that he had no knowledge of a robbery plot, Conaway drove him back to Mason's house. There Sanders observed Johnson lying on the floor under a sheet; his head and feet were visible and he appeared to have been bound. At that point, Mason, who was "giving all the orders," allowed Sanders to leave the house.

Mason removed money from Johnson's wallet and then instructed the others to shoot him. Conaway held the muzzle of his gun directly against Johnson's left side and fired one bullet, injuring him. Mason ordered Conaway and Green to kill the wounded Johnson and take him somewhere to bury him. Conaway and Green wrapped Johnson in a sheet, placed him in the back seat of a vehicle, and drove him to a nearby high school. Green removed him from the car, and shot him five times, killing him. The two took Johnson's jacket and wallet and hid the murder weapon.

1. The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Mason was guilty of the crimes for which he was convicted, either as the actual perpetrator, or as an aider or abettor to those offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Cargill v. State*, 256 Ga. 252 (1) (347 SE2d 559) (1986); *Rouse v. State*, 275 Ga. 605, 606, n. 5 (571 SE2d 353) (2002).

2. Mason asserts that the trial court erred in refusing to sever his trial from that of his co-defendants on the ground that their defenses were antagonistic, and that there was a violation of his Sixth Amendment right of confrontation under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

(a) An identical claim of antagonistic defenses was considered and rejected in the appeal of co-defendant Green, *Green*, supra at 688

(2), and Mason has offered no additional support for this argument. "[U]nless there is a showing of resulting prejudice, antagonistic defenses do not automatically require a severance . . . we find no indication that the opposing defenses in this matter caused harm to appellant." Id. Mason has not carried his burden of establishing clear prejudice and the consequent denial of due process with respect to this claim. *Howard v. State*, 279 Ga. 166 (4) (611 SE2d 3) (2005).

(b) Conaway and Mason elected to testify at trial; Green did not. The alleged *Bruton*[3] problem stems from Conaway's testimony during direct examination to the effect that he and Green drove Johnson to the high school; that Green pulled Johnson out of the car; and that when Conaway asked Green what he was preparing to do, Green replied, "[Mason] said to take care of him, finish him off." Assuming without deciding that a *Bruton* violation occurred as a result of admitting Green's alleged statement into evidence, we find any such error harmless.

First, an essentially identical statement was read into evidence without objection to its admissibility by the defense. This statement came in during the testimony of Todd Jefferson, a fourth individual who was present in Mason's home and who witnessed the events during the time that Johnson was being held captive. During the criminal investigation, Jefferson gave a detailed statement to the police describing Mason's role as the ringleader, and stating that Mason "gave the order to his two workers to kill the man on the floor and to bury him." Jefferson was named in the indictment as a co-defendant, but he subsequently pled guilty to aggravated assault and the remaining charges against him were dead-docketed.[4]

In addition, we find that the "evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." *Schneble v. Florida*, 405 U. S. 427, 430 (92 SC 1056, 31 LE2d 340) (1972). See also *Dorsey v. State*, 273 Ga. 754 (2) (546 SE2d 275) (2001).

3. Mason asserts that the trial court gave an improper jury instruction with regard to the offenses of aggravated assault, which also infected the felony murder conviction.

---

[3] In *Bruton*, supra, the Court held that a defendant's Sixth Amendment right of confrontation is violated, despite cautionary instructions, when: (a) co-defendants are tried jointly; (b) one co-defendant's confession is used to implicate the other co-defendant in the crime; and (c) the co-defendant who made the implicating statement employs his Fifth Amendment right not to testify and thus does not take the stand to face cross-examination about the statement.

[4] Although Jefferson recanted his custodial statement at trial, it is axiomatic that the jury, under proper instructions on impeachment and credibility of witnesses, as were given here, may choose to believe the witness' pretrial statements and to reject his testimony at trial. See *Berry v. State*, 268 Ga. 437 (1) (490 SE2d 389) (1997).

The sentencing order reflects that the felony murder predicated on aggravated assault "merged" as a matter of law into the malice murder conviction, and the underlying felony of aggravated assault on Johnson by shooting him with a handgun merged as matter of fact into the malice murder conviction. *Malcolm v. State*, 263 Ga. 369, 372-373 (5) (434 SE2d 479) (1993). The State conceded below that a second charged aggravated assault on Johnson by beating him with hands, feet, sticks and bottles merged as a matter of fact into the armed robbery. But see *Silvers v. State*, 278 Ga. 45 (4) (597 SE2d 373) (2004). Thus, the felony murder and aggravated assault convictions stand vacated by operation of law and fact, *Malcolm*, supra, and any complaint about the jury instruction on aggravated assault is rendered moot. See generally *Hill v. State*, 263 Ga. 37, 40 (5) (427 SE2d 770) (1993).

4. Nor does the allegedly erroneous jury instruction on aggravated assault compel reversal of the weapons offenses under *King v. Waters*, 278 Ga. 122 (2) (598 SE2d 476) (2004). In that case, the *sole* underlying felony offense which would support the possession charge was vacated as a result of an erroneous jury instruction. Unlike *King*, supra, other felony convictions remain intact in Mason's case. As the indictment specified, in addition to aggravated assault, the weapons offenses could be predicated on the alternative offenses of kidnapping and armed robbery.

5. Mason contends that he was denied constitutionally effective assistance of trial counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), in that counsel failed: (a) to challenge the form of the indictment, as it related to the charges for possession of a firearm during the commission of a felony; and (b) to object to opinion testimony from the medical examiner regarding the manner of death.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, [supra]; [cit.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous. [Cit.]

*Domingues v. State*, 277 Ga. 373, 374 (1) (589 SE2d 102) (2003).

(a) Mason was charged in two counts of the indictment with violations of OCGA § 16-11-106 (b) (1),[5] one with respect to Johnson and the other with respect to Sanders. In otherwise identical language, both counts set forth that Mason did "unlawfully during the commission of at least one of the following crimes . . . to wit: kidnapping, armed robbery, and aggravated assault have on and within arm's reach of accused's person, a firearm, to wit: a .380 caliber pistol and a 9 millimeter pistol." Mason submits that without greater specificity, the indictment failed to put him on notice as to how to prepare his defense, and that counsel was deficient in failing to challenge the indictment by way of a special demurrer.

At the hearing on the motion for new trial, Mason's trial counsel testified that although it was known that at least two guns were involved in the crimes, until trial neither the State nor the defense knew which defendants were in possession of which weapons.[6] Counsel made the tactical decision not to challenge the form of the indictment because she knew that Mason could have been found guilty of possession of either weapon as a party to the crime; and therefore, any such challenge would have been futile. We conclude that trial counsel's explanations satisfied the standard of reasonableness. Therefore, the finding that counsel was not ineffective on this ground was not clearly erroneous. *Domingues,* supra at 374 (1).

(b) After describing the distinction between a cause of death and the manner of death, the medical examiner was asked whether he was able to determine the manner of Johnson's death. He replied that in his opinion, the manner of death was "at the hands of another, or homicide." Pretermitting whether an objection to this testimony would have been successful, "we conclude that [Mason] has failed to show that if the medical examiner's conclusion about the [shooting] being a homicide had been excluded from evidence, there is a reasonable probability that the outcome of the trial would have been different." *Columbus v. State,* 270 Ga. 658, 664 (2) (g) (513 SE2d 498) (1999). Accordingly, Mason has failed to prove that his trial counsel was ineffective in this regard. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Maurice Brown,* for appellant.

---

[5] That Code section is violated when one has "on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit: (1) Any crime against or involving the person of another."

[6] Challenges to the form of an indictment must be made by special demurrer *before pleading to the indictment. State v. Eubanks,* 239 Ga. 483 (238 SE2d 38) (1977).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.