320 Ga. 120
FINAL COPY

S22A1326. MOORE v. WHITE et al.

WARREN, Justice.

After a jury trial in 2016, Alfred Moore was convicted of first-degree burglary, for which he was sentenced to serve 20 years in prison, and other crimes, resulting in a total sentence of 45 years to serve. On direct appeal, the Court of Appeals in an unpublished opinion affirmed Moore's convictions on grounds that are not pertinent to this appeal. See *Moore v. State*, 350 Ga. App. XXVI (Case No. A19A0936) (May 28, 2019) (unpublished). Moore then filed a petition for habeas corpus, which he later amended, contending (as relevant here) that his appellate counsel provided constitutionally ineffective assistance by failing to argue that his *trial* counsel was constitutionally ineffective for not challenging the first-degree burglary count in the indictment. Specifically, Moore asserted that because the indictment charging the first-degree burglary count alleged only that he committed that crime by entering (without

authority and with the intent to commit a felony) a "business," it failed to allege an essential element of the crime: that Moore entered a "dwelling house" or a building "designed for use as [a] dwelling." OCGA § 16-7-1 (b). The habeas court denied Moore's petition.[1]

We granted Moore's application for a certificate of probable cause to appeal to consider whether the habeas court erred by ruling that Moore had not established that his appellate counsel provided ineffective assistance. On appeal to this Court, the Warden now concedes that the habeas court erred in this respect, and as explained below, we agree. We therefore reverse the denial of habeas

---

[1] Moore also contended, among other things, that his sentence for first-degree burglary was "illegal" and that his appellate counsel provided ineffective assistance by failing to assert that the trial court plainly erred by instructing the jury on first-degree burglary and by failing to assert that trial counsel was ineffective for not objecting to that instruction. The habeas court rejected those claims; Moore raised them in his application for a certificate of probable cause to appeal; and our order granting Moore's application posed questions about these issues. However, as explained more in Division 2, we decide Moore's contention that the habeas court erred by denying relief as to his first-degree burglary conviction only on the claim of ineffective assistance of appellate counsel for failing to challenge the first-degree burglary count. We note, however, that the legal issue at the heart of that ineffectiveness claim pertains to the same claim of legal error regarding the sentence Moore claims was "illegal." And because we grant relief on Moore's ineffectiveness claim, we need not and do not decide his claim that his sentence was "illegal" or his claims regarding the jury instructions.

2

relief as to Moore's conviction for first-degree burglary and direct the habeas court to enter an appropriate order granting relief.

1. (a) *Indictment and Trial.* In October 2013, Moore, along with a co-defendant, was indicted for first-degree burglary; two counts each of armed robbery, aggravated assault, and false imprisonment; impersonating an officer; and possession of a firearm during the commission of a felony.[2] In the indictment, the count titled "Burglary in the First Degree, OCGA § 16-7-1 (b)" alleged that in June 2013, Moore "without authority and with the intent to commit [a]rmed [r]obbery, a felony therein, enter[ed] the business of Luis Rodriguez located" at a specific address on Log Cabin Drive in Macon. Moore was tried in March 2016, and as pertinent here, the evidence presented to the jury showed the following.

On the evening of June 12, 2013, Rodriguez, who owned several restaurants in Macon, and his employee Griselda Zabala were working at the office for the restaurants, which was located in a

---

[2] The co-defendant pled guilty to armed robbery before trial. His case is not part of this appeal.

3

building that was originally designed as a residential home on Log Cabin Drive. The building contained only office furniture, and no evidence was presented indicating that anyone lived there. Two men who were wearing sheriff's deputy uniforms and who were later identified as Moore and his co-defendant knocked on the door. When Rodriguez answered, Moore said that he had a warrant to search the property, and Rodriguez let the men in. Moore then tied Rodriguez's and Zabala's hands while the co-defendant pointed a gun at them. Moore searched the property, collected $2,600 in cash, and fled with the co-defendant. At trial, Rodriguez and Zabala identified Moore as one of the assailants, and the co-defendant admitted that he and Moore committed the crimes.

Moore presented an alibi defense. During the final charge, the trial court instructed the jury, among other things, "[A] person commits the offense of Burglary in the First Degree when, without authority and with the intent to commit a felony therein, that person enters a building or the dwelling of another." The court then explained that armed robbery is a felony and said, "It's only

4

necessary that the evidence show beyond a reasonable doubt that [Moore] did, without authority, enter the place described in the [i]ndictment with the intent to commit the alleged felony, that being [a]rmed [r]obbery." Trial counsel did not object to the charge.

The jury ultimately found Moore guilty of all counts. The trial court sentenced him to serve 20 years in prison for first-degree burglary and imposed additional sentences for two counts of armed robbery, two counts of false imprisonment, impersonating an officer, and the firearm offense, resulting in a total sentence of 45 years to serve in prison.[3]

Moore then filed a motion for new trial, raising claims that are not pertinent to this appeal, and the trial court denied the motion.[4] Moore appealed, again asserting claims that have no bearing here,

---

[3] The trial court merged the aggravated assault counts for sentencing purposes.

[4] Specifically, Moore raised the "general grounds" under OCGA §§ 5-5-20 and 5-5-21 and argued that the evidence was not sufficient as a matter of constitutional due process to support his convictions.

and in May 2019, the Court of Appeals affirmed his convictions.[5] Moore then filed an untimely petition for certiorari in this Court, which we dismissed in January 2020.

(b) *Habeas Proceedings.* In March 2020, Moore, representing himself, filed a timely petition for habeas corpus, which he amended through counsel in February 2021.[6] Moore claimed, among other things, that his appellate counsel provided constitutionally ineffective assistance by failing to assert that his trial counsel was ineffective for not challenging the first-degree burglary count in the

---

[5] Moore claimed that the trial court erred by failing to merge his burglary conviction into his armed robbery conviction, by admitting certain evidence at trial, and by failing to administer an oath to an interpreter at trial.

[6] Moore filed his petition against Jermaine White, who was at that time the Warden at Washington State Prison, where Moore was incarcerated. Moore later filed a motion to add Karl Fort, who became Warden in July 2020, as a respondent; the habeas court granted the motion. However, it appears that there is now a successor Warden at Washington State Prison. Although Moore is apparently still incarcerated there, neither party has moved to substitute the successor as the respondent in this case. But in any event, the successor has been "automatically substituted as a party." OCGA § 9-11-25 (d) (1) (explaining that "[w]hen a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the action does not abate, and his successor is automatically substituted as a party" and that the omission to enter an order of substitution "shall not affect the substitution"). See also *Cook v. State*, 313 Ga. 471, 493 (870 SE2d 758) (2022) (explaining that "the Civil Practice Act, OCGA § 9-11-1 et seq., generally applies to habeas corpus proceedings").

6

indictment. In this respect, he argued that although OCGA § 16-7-1 (b) says, as pertinent here, that a person commits the crime of first-degree burglary when he, without authority and with the intent to commit a felony, enters a "dwelling house of another" or a building "designed for use as the dwelling of another," the indictment alleged that he committed first-degree burglary only by "enter[ing a] business." Because the first-degree burglary count did not allege that Moore entered a "dwelling house" or a building designed for use as a "dwelling," Moore asserted, the count failed to allege all the essential elements of first-degree burglary. Moore conceded, however, that the language in the first-degree burglary count sufficiently alleged that he committed second-degree burglary, a crime for which the maximum sentence is five years in prison.

At a hearing in March 2021, Moore reiterated his ineffective assistance of appellate counsel argument, noting that because the language in the indictment sufficiently alleged second-degree burglary, "he should have been sentenced for five years." The Warden opposed that claim, as well as Moore's other claims. In July

7

2022, the habeas court issued an order denying habeas relief, and as pertinent here, concluded that Moore's appellate counsel was not ineffective because the first-degree burglary count in the indictment sufficiently alleged that crime, as the count referenced the first-degree burglary statute, OCGA § 16-7-1 (b).

Moore timely filed a notice of appeal and an application for a certificate of probable cause to appeal. At our direction, the Warden filed a response, which conceded that the habeas court erred by concluding that Moore's appellate counsel was not constitutionally ineffective. We then granted Moore's application, asking whether the habeas court erred in this regard.

2. In reviewing the denial of a petition for habeas corpus, although we "'accept[ ] the habeas court's factual findings and credibility determinations unless they are clearly erroneous,'" we "'independently apply the law to the facts.'" *Ward v. Medina,* 316 Ga. 345, 349 (888 SE2d 84) (2023) (citation omitted). A petitioner seeking habeas relief bears the burden of establishing that his constitutional rights were violated. See id. To succeed on his claim

8

that his appellate counsel provided constitutionally ineffective assistance, Moore must show that appellate counsel performed deficiently (i.e., that she "performed [her] duties in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms") and that the deficiency prejudiced Moore's direct appeal (i.e., that but for counsel's unprofessional errors, the result of Moore's direct appeal would have been different). *Cartwright v. Caldwell*, 305 Ga. 371, 378 (825 SE2d 168) (2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984)). See also *Henderson v. Hames*, 287 Ga. 534, 536 (697 SE2d 798) (2010). To show prejudice in this context, Moore must demonstrate that the underlying ineffectiveness-of-trial-counsel claim that he says appellate counsel should have raised "would have had a reasonable probability of success." *Cartwright*, 305 Ga. at 378. Thus, he "must show that his trial counsel performed deficiently, and that, but for trial counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different." Id.

9

Turning first to the issue of trial counsel's ineffectiveness, we begin by addressing whether Moore's trial counsel performed deficiently by failing to challenge the first-degree burglary count on the ground that it failed to allege that Moore entered a "dwelling house of another" or a building "designed for use as the dwelling of another." OCGA § 16-7-1 (b) says, in pertinent part:

> A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another.

The first-degree burglary count in the indictment charged only that Moore entered Rodriguez's "business," which, Moore claims, alleged conduct that would amount only to second-degree burglary. See former OCGA § 16-7-1 (c) (providing, as pertinent here, "A person commits the offense of burglary in the second degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant

10

building, structure, vehicle, railroad car, watercraft, or aircraft").[7]

It is well settled that an indictment must "'contain every allegation essential to constitute the crime.'" *Sanders v. State*, 313 Ga. 191, 196 (869 SE2d 411) (2022) (citation omitted). An essential element of the charged crime of first-degree burglary is that the defendant entered or remained within a "dwelling house" or building designed for use as a "dwelling." See *Dupree v. State*, 303 Ga. 885, 888 (815 SE2d 899) (2018) (explaining that under OCGA § 16-7-1 (b), "what is required is entry of or remaining within, in this case the dwelling house of another, without authority and with the intent

---

[7] The version of OCGA § 16-7-1 that became effective in 2012, see Ga. L. 2012, p. 907, § 3-1, applies in this case. The current version of the statute, which became effective in July 2017, see Ga. L. 2017, p. 418, § 1-2, is identical to the 2012 version, except subsection (c) of the current version omits the word "vehicle."

We note that the version of the burglary statute that was in effect prior to 2012 did not provide gradations of the crime. See Ga. L. 1980, p. 770, § 1 ("A person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another, or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof."). The 2012 amendment created the crimes of first-degree and second-degree burglary. See Ga. L. 2012, p. 907, § 3-1; *State v. Newton*, 294 Ga. 767, 770 n.3 (755 SE2d 786) (2014).

11

to commit a felony or theft therein") (punctuation omitted).

The indictment omitted any reference to a "dwelling house" or a building designed for use as a "dwelling," so it failed to allege an essential element of first-degree burglary. And contrary to the habeas court's conclusion in its order denying relief, the indictment's reference to OCGA § 16-7-1 (b) in the first-degree burglary count did not render that count sufficient. See *Jackson v. State*, 301 Ga. 137, 139 (800 SE2d 356) (2017) (explaining that an indictment that merely references or cites the statute that the defendant is accused of violating, without alleging "things that are essential elements of a violation of the statute" does not sufficiently allege the crime described in the statute).

Because the indictment failed to allege all the essential elements of first-degree burglary, it was subject to a special demurrer. A special demurrer "'challenges the sufficiency of the form of the indictment.'" *Kimbrough v. State*, 300 Ga. 878, 880 (799 SE2d 229) (2017) (citation and emphasis omitted). The test for determining the constitutional sufficiency of an indictment is

whether it contains the elements of the charged offense, sufficiently apprises the defendant of what he must be prepared to defend against, and in case of another prosecution for a similar offense, enables him to determine whether he may plead a former conviction or acquittal. See, e.g., *Sanders*, 313 Ga. at 195; *Smith v. State*, 303 Ga. 643, 647 (814 SE2d 411) (2018). A special demurrer must be filed within ten days of arraignment, unless the time for filing is extended by the trial court. See OCGA § 17-7-110.

Trial counsel's failure to raise the issue of the defective first-degree burglary count by special demurrer was not a reasonable trial tactic or strategy. And the requirement in OCGA § 16-7-1 (b) that the defendant entered or remained within a type of "dwelling" of another person was not difficult to discern; rather, it is found in the plain language of the statute. Thus, no reasonably competent lawyer would have failed to file a special demurrer challenging the first-degree burglary count, and Moore has met his burden of showing that trial counsel performed deficiently in this respect. See *Henderson*, 287 Ga. at 539-541 (explaining that the defendant's

13

counsel provided ineffective assistance by failing to challenge a count in the indictment of felony murder predicated on misuse of a firearm while hunting on the ground that it failed to allege all the essential elements of that crime, which was "not a reasonable tactic" because the essential element that the indictment failed to allege "was not difficult to discern or the product of esoteric or unpredictable judicial decisions. Instead, it is found in the plain language of the statute").

And absent trial counsel's failure to file a special demurrer, it is reasonably probable that the result of the trial would have been more favorable to Moore. As discussed above, had counsel filed a timely special demurrer before trial, see OCGA § 17-7-110, the trial court should have granted it. At that point, the State could have corrected its error and re-indicted Moore. See *State v. Heath*, 308 Ga. 836, 840 (843 SE2d 801) (2020) (explaining that "[b]ecause a special demurrer must be brought before jeopardy attaches, the State can usually re-indict before trial unless the statute of limitations for the crimes with which the defendant was charged

14

bars the prosecution, see OCGA § 17-3-1, or the re-indictment is prohibited under OCGA § 17-7-53.1, which disallows prosecution after two indictments charging the same offenses have been quashed" and that consequently, the failure to file a special demurrer generally does not support a conclusion of *Strickland* prejudice).

But in so doing, the State could have amended the first-degree burglary count to allege the essential element that Moore entered a building "designed for use as the dwelling of another" when he entered the building that was originally designed as a residential home, or the State could have charged Moore with second-degree burglary by entering a building, or the State could have dismissed the charge. The Warden's concessions in this case establish that it is reasonably probable that the State would have charged Moore with second-degree burglary. In this respect, the Warden (represented by the office of the Attorney General) concedes in this Court that the indictment failed to allege the essential elements of first-degree burglary but sufficiently alleged the crime of second-

15

degree burglary; the evidence presented at Moore's trial "d[id] not satisfy the statutory requirement for the offense of burglary in the first degree," such that it was insufficient to support that crime as a matter of constitutional due process; and Moore should have been convicted of and sentenced for second-degree burglary, rather than first-degree burglary. We accept the Warden's concession that "there is *Strickland* prejudice here because there is a reasonable probability that the outcome of the trial would have been different had trial counsel filed a special demurrer."

In sum, Moore has met his burden of proving that his trial counsel provided constitutionally ineffective assistance by failing to challenge the first-degree burglary count. We therefore conclude that any deficiency in *appellate* counsel's failure to raise that ineffectiveness-of-trial-counsel claim prejudiced his appeal. See *Cartwright*, 305 Ga. at 381. And as to appellate counsel's deficiency, we see no good reason why a competent appellate lawyer would have failed to raise such an obviously meritorious claim under these circumstances. See id. Moore has therefore established that his

16

appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness.

Thus, as the Warden concedes, the habeas court erred by denying relief on this ground. See *Henderson*, 287 Ga. at 539-540.[8]

---

[8] Moore also contends that his convictions for armed robbery and possession of a firearm during the commission of a felony were affected by the defective first-degree burglary count. Even assuming (without deciding) that these issues are properly presented here, Moore cannot succeed on them. First, Moore points to the trial court's instruction on first-degree burglary, which referenced "armed robbery" as the felony Moore was accused of intending to commit when he entered Rodriguez's business. But the trial court's instruction indicating that the jury would be authorized to convict Moore of first-degree burglary if it found that he entered a business would not have impacted the jury's consideration of whether Moore committed the felony of armed robbery once he entered the business. Moreover, the indictment alleged all the essential elements of armed robbery, and the court fully and accurately instructed the jury on that crime. Moore also claims that the trial court's instruction that possession of a firearm during the commission of a felony is a crime involving "the unlawful entry into a building or vehicle or theft from a building" allowed the jury to find him guilty of that crime if it found that he committed first-degree burglary by unlawfully entering a "building or vehicle." But the trial court's instruction properly tracked the text of OCGA § 16-11-106 (b) (2)-(3), which provides, in pertinent part, that "[a]ny person who shall have on or within arm's reach of his . . . person a firearm . . . during the commission of" a felony, including "[t]he unlawful entry into a building or vehicle" or "[a] theft from a building or theft of a vehicle" commits the crime of possession of a firearm during the commission of a felony.

In addition, we note that although the indictment listed armed robbery as the predicate felony for the firearm offense, the trial court instructed that both first-degree burglary and armed robbery were the predicate crimes. Because Moore's armed robbery convictions support the firearm conviction, the firearm conviction is unaffected by the defective first-degree burglary count. See *Mason v. State*, 279 Ga. 636, 639 (619 SE2d 621) (2005) (holding that an

17

Accordingly, we reverse the habeas court's denial of relief as to Moore's first-degree burglary conviction, and we remand the case to that court with direction to enter an order vacating that conviction and granting other appropriate relief consistent with this opinion. See id. at 540 (holding that the habeas court correctly ruled that the defendant's conviction for felony murder based on misuse of a firearm while hunting must be vacated because his counsel provided constitutionally ineffective assistance by failing to argue that the indictment did not allege an essential element of that crime).[9]

---

allegedly erroneous jury instruction on aggravated assault did not compel reversal of the defendant's convictions for possession of a firearm during the commission of a felony because the indictment specified that "in addition to aggravated assault, the weapons offenses could be predicated on the alternative offenses of kidnapping and armed robbery" and the defendant's convictions for those felonies "remain[ed] intact").

[9] In this respect, we note that the Warden asserts that—considering the language in the indictment, the evidence presented at trial, the trial court's instructions to the jury, and the verdict—Moore should be resentenced for second-degree burglary, and Moore conceded in his habeas petition and at the habeas hearing that he should be sentenced for that crime. See *Dozier v. State*, 306 Ga. 29, 31 (829 SE2d 131) (2019) (in the context of a direct appeal, accepting the State's concession that in light of the indictment, the evidence presented at trial, the jury instructions, and the verdict, the defendant should have been convicted only of misdemeanor theft by taking, rather than felony theft by taking, and reversing his conviction for felony theft by taking and remanding for the trial court to resentence him for the misdemeanor crime as

18

*Judgment reversed in part, and case remanded with direction. All the Justices concur.*

Decided October 22, 2024.

Habeas corpus. Washington Superior Court. Before Judge Smith.

*Robert J. Daniel; Rodney A. Williams*, for appellant.

*Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Clint C. Malcolm, Paula K. Smith, Senior Assistant Attorneys General, Matthew B. Crowder, Daniel W. Hamilton, Assistant Attorneys General*, for appellees.

---

a lesser-included offense of the felony); *Bundren v. State*, 247 Ga. 180, 181 (274 SE2d 455) (1981) (in the context of a direct appeal, reversing the defendant's conviction for aggravated assault on a police officer because the trial court failed to instruct the jury on an essential element of that crime, and noting that the trial court could resentence him for the lesser-included offense of aggravated assault). See also *Rutledge v. United States*, 517 U.S. 292, 306 (116 SCt 1241, 134 LE2d 419) (1996) (noting "with approval" that "federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense"). We express no opinion on this matter, which is not properly before us in this appeal.